SHAHOOD, J.
Marsel Peterson was tried and found guilty of possession of cocaine. He appeals the conviction arguing that the trial court erred in denying his request for a special jury instruction and in overruling his objection to certain testimony by the arresting officer. We find no error in the trial court’s ruling on the evidentiary mat *153 ter and write to discuss only the jury instruction issue.
At trial it was shown that, in conjunction with a drug sting operation, police in Fort Lauderdale had a confidential source place a call and arrange for a white female to deliver a few hundred dollars worth of crack cocaine to a hotel room. Shortly after the call was placed, a car pulled up to the hotel and the target white female exited from the back seat. A black female driver, a small baby, and appellant remained in the car; appellant was sitting in the front passenger seat.
As the white female approached the hotel room, the officers approached her to place her under arrest. Seeing what was happening, the driver of the car panicked and quickly attempted to drive out of the parking lot. She put the car in reverse and backed into several other parked cars causing minor damage. The occupants were ordered out of the ear and the driver complied.
Appellant was directed to exit through the driver’s side door as the front passenger door would not open. The officers noticed appellant’s facial expression change and he became very nervous. After being asked to exit the car four or five times, appellant finally did so. He began crawling towards the officer in an apparent attempt to block the officer’s view of the passenger side seat. The officer looked in to the car and saw a cassette holder containing six pieces of crack cocaine on the front passenger seat.
The standard jury instruction on possession of a controlled substance requires the state to prove the following three elements beyond a reasonable doubt: (1) the defendant possessed a certain substance; (2) the substance was cocaine; and (3) the defendant had knowledge of the presence of the substance. See Fla. Std. Jury Instr. (Crim.) 299 (2000). The instruction also states, “[g]ive if applicable See Chicone v. State, 684 So.2d 736 (Fla.1996):”
If a thing is in a place over which the person does not have control, in order to establish constructive possession the State must prove the person’s (1) control over the thing, (2) knowledge that the thing was within the person’s presence, and (3) knowledge of the illicit nature of the thing.
Id. at 301.
Citing Chicone, appellant requested that the trial court add to the standard three-element jury instruction for possession of cocaine the fourth element, knowledge of the illicit nature of the substance. The defense’s proposed special instruction was the following:
Before you can find the defendant guilty of possession of cocaine the state must prove the following four elements beyond a reasonable doubt:
1. MARSEL PETERSON possessed a certain substance.
2. The substance was cocaine.
3. MARSEL PETERSON had knowledge of the presence of the substance.
4. MARSEL PETERSON had knowledge of the illicit nature of the substance.
Although the court agreed that appellant was entitled to a special instruction, the court denied the requested instruction, interpreting Chicone v. State, 684 So.2d 736 (Fla.1996), to mean that knowledge of the illicit nature of the substance is not an additional element of the offense of possession of cocaine. Instead, the court gave the following instruction:
Now, before you could find Mr. Peterson guilty of the crime that is charged, that is, possessing cocaine, the State must prove three elements beyond a reasonable doubt.
*154 First they have to prove that Mr. Peterson possessed a certain substance, second, that the substance was cocaine, or any mixture containing cocaine, and third they have to prove that Mr. Peterson had knowledge of the presence of the substance.
In order to find a defendant guilty of possession of cocaine the Jury would have to find that the defendant had knowledge of the [illicit] nature of this substance that he allegedly possessed.
In Chicone, the Florida Supreme Court stated that when an instruction excludes a fundamental and necessary ingredient of law required to substantiate the particular crime, it is tantamount to a denial of a fair and impartial trial. Id. at 745. As a result, the court reversed Chi-cone’s conviction of felony possession of cocaine due to the trial court’s failure to instruct the jury that the state had to prove knowledge that the substance possessed was cocaine. See id. In reversing, the court held that
[w]hile the existing jury instructions are adequate in requiring “knowledge of the presence of the substance,” we agree that, if specifically requested by a defendant, the trial court should expressly indicate to jurors that guilty knowledge means the defendant must have knowledge of the illicit nature of the substance allegedly possessed. We hold that the defendant was entitled to a more specific instruction as requested here.
Id. at 746.
More recently, in Scott v. State, 808 So.2d 166 (Fla.2002), the Florida Supreme Court clarified its holding in Chicone, as follows:
the “guilty knowledge” element of possession actually involves two elements, knowledge of the presence of the substance and knowledge of the illicit nature of the substance. In the final analysis we clearly said both knowledge of the presence of the substance and knowledge of the illicit nature of the substance are essential elements of the crime of possession of an illegal substance. Thus, we found the State was required to prove that Chicone knew of the illicit nature of the items in his possession.
Id. at 169 (citing Chicone, 684 So.2d at 744)(emphasis added).[1]
Thus, in accordance with Scott and Chicone, we hold that the trial court erred in failing to instruct the jury that knowledge of the illicit nature of the substance is an element requiring proof by the state beyond a reasonable doubt. Accordingly, appellant’s conviction is reversed and this cause remanded for a new trial.
REVERSED AND REMANDED.
GUNTHER and FARMER, JJ., concur.

. In a footnote, the supreme court suggested that the standard jury instruction be amended to include knowledge of the illicit nature of the substance as an essential element of the crime of possession of a controlled substance, and charged the Committee on Standard Jury Instructions in Criminal Cases to propose such an instruction. See id. at 172 n. 7.