839 So.2d 734 (2003)
Damien DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-236.
District Court of Appeal of Florida, Fourth District.
January 22, 2003.
Order Denying Rehearing March 19, 2003.
*735 Carey Haughwout, Public Defender, and Nan Ellen Foley, Assistant Public Defender, West Palm Beach, for appellant.
Charlie Crist, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant argues that the trial court committed fundamental error in failing to give a guilty knowledge jury instruction under Chicone v. State, 684 So.2d 736 (Fla. 1996). We affirm.
Appellant was convicted of possession and delivery of cocaine within 1,000 feet of a school based on the testimony of a confidential informant. The informant testified that, while he was driving, the appellant waved him over. The informant got out of his car and went onto appellant's porch, where appellant sold him cocaine.
Chicone requires that, where a defendant requests it, the jury must be instructed that the defendant have knowledge that the substance is illegal. In this case the instruction was not requested, but defendant argues that it was fundamental error not to give it.
Because guilty knowledge was not an issue in this case, in that the only position taken by the defendant was that he was not the person who sold the cocaine to the informant, any error in not giving a guilty knowledge instruction would not rise to the level of fundamental error. State v. Delva, 575 So.2d 643 (Fla.1991). We therefore affirm.
WARNER and STEVENSON, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
Appellant has moved for rehearing asserting that the error in his case was fundamental based on Scott v. State, 808 So.2d 166 (Fla.2002). He suggests that there is a conflict between Scott and State v. Delva, 575 So.2d 643 (Fla.1991), as to what is necessary for an element of a crime to be in dispute, in order for the omission of the element from a jury instruction to constitute fundamental error.
We do not agree with appellant that there is a conflict between Scott and Delva because in Scott the error was preserved. Accordingly, the language in Scott relied on by appellant[1] is not relevant when analyzing whether an error is fundamental.
In order for a jury instruction which omits a crime element to be fundamental error under Delva, there must be an actual *736 dispute about that element raised by the evidence or argument. As the court noted in Delva, there was "no suggestion that Delva was arguing that while he knew of the existence of the package he did not know what it contained." Id. at 645. In a decision after Scott, Reed v. State, 837 So.2d 366 (Fla.2002), our supreme court reiterated that Delva is the controlling law on this issue.
In the same vein, appellant argues that our opinion in this case conflicts with Thompson v. State, 814 So.2d 1103 (Fla. 4th DCA 2002), which involved the issue of whether the trial court's failure to instruct the jury on an element of attempted felonymurder was fundamental error. In Thompson, however, as is obvious from the opinion, instructing the jury on attempted felony murder is far more complicated than instructing on possession of drugs, the crime in the present case. In Thompson, we concluded that the jury instruction given was confusing and misleading and that the "confusion requires reversal." Id. at 1107. Accordingly we do not agree with appellant that a mistaken identity defense puts all elements of a crime in dispute so as to allow the failure to instruct on an element to be raised for the first time on appeal. Such an interpretation of Thompson would conflict with Delva.
We therefore deny the motion for rehearing.
WARNER, KLEIN and STEVENSON, JJ., concur.
NOTES
[1] That language is:

Scott's argument that he did not possess the drugs and had no knowledge of the drug's presence in his locker encompasses the argument that he was unaware of the illicit nature of the substance. With this kind of argument and defense, each element of the offense is a disputed element on which the jury must be instructed. Moreover, the requirement that an instruction must be given does not depend on the defense espoused. Because knowledge of the illicit nature is an element of the crime and the jury must be instructed on each element of the crime, an instruction must be given even when the defendant simply requires the State to prove its case and offers nothing by way of an affirmative defense.
Scott, 808 So.2d at 171.