842 So.2d 992 (2003)
Sylvester STARLING, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-1188.
District Court of Appeal of Florida, First District.
April 15, 2003.
Nancy A. Daniels, Public Defender; Glenna Joyce Reeves, Assistant Public Defender, Tallahassee, for appellant.
Charlie Crist, Attorney General; Karen M. Holland, Assistant Attorney General, Tallahassee, for appellee.
WOLF, J.
Appellant challenges his conviction for sale or delivery of cocaine. He alleges that the trial court committed fundamental *993 error in failing to instruct the jury on the essential knowledge element for sale or delivery of cocaine as required by Chicone v. State, 684 So.2d 736 (Fla.1996).[1] The only issue raised during trial was that appellant was not the person who sold the cocaine.
In Davis v. State, 839 So.2d 734 (Fla. 4th DCA 2003), reh'g denied, 839 So.2d 734 (Fla. 4th DCA 2003), the Fourth District found no fundamental error in a similar set of facts:

Chicone requires that, where a defendant requests it, the jury must be instructed that the defendant have knowledge that the substance is illegal. In this case the instruction was not requested, but defendant argues that it was fundamental error not to give it.
Because guilty knowledge was not an issue in this case, in that the only position taken by the defendant was that he was not the person who sold the cocaine to the informant, any error in not giving a guilty knowledge instruction would not rise to the level of fundamental error. State v. Delva, 575 So.2d 643 (Fla.1991). We therefore affirm.
Id.
As in Davis, defense counsel argued the identification was unreliable; guilty knowledge was not an issue at trial. Thus, any error in not giving the guilty knowledge or Chicone instruction, did not rise to the level of fundamental error.
Affirmed.
BOOTH and KAHN, JJ., concur.
NOTES
[1] Knowledge of the illicit nature of a controlled substance is no longer an element of the offenses of possession, or sale or delivery of a controlled substance for offenses committed after May 13, 2002. Section 893.101, Florida Statutes (2002). Appellant committed his offense prior to the effective date of section 893.101. See Norman v. State, 826 So.2d 440 (Fla. 1st DCA 2002) (holding section 893.101 cannot be applied retroactively).