PER CURIAM.
Appellant, Isiah Gordon, appeals his conviction and sentence for possession of cocaine and possession of drug paraphernalia. While appellant raises two issues on appeal, we find that only one issue has merit and warrants further discussion. Appellant contends that the trial court erred by refusing his requested jury instruction on knowledge of the illicit nature of the substance and paraphernalia. We agree and, therefore, reverse and remand for a new trial.
By information, the State charged appellant with one count of possession of cocaine and one count of possession of drug paraphernalia, for offenses occurring on February 25, 2002. During his trial on these charges, appellant made timely oral and written requests for jury instructions on the element of knowledge of the illicit nature of the substance and of the illicit nature of the paraphernalia. The trial court denied both requests and instead instructed the jury according to the standard jury instructions.
In charging appellant with possession of cocaine and drug paraphernalia, the State was required to prove that appellant had knowledge of the illicit nature of
*360 the items in his possession. See Chicone v. State, 684 So.2d 736, 744 (Fla.1996). A defendant has the right to have a court correctly and intelligently instruct the jury on the essential and material elements of the crime charged and required to be proven by competent evidence. See id. at 745 (citing Gerds v. State, 64 So.2d 915, 916 (Fla.1953)). Thus, the supreme court determined in Chicane that, when specifically requested by a defendant, the trial court should expressly indicate to jurors that guilty knowledge means that the defendant must have knowledge of the illicit nature of the substance allegedly possessed. Chicone, 684 So.2d at 745-46.[1] Accordingly, appellant was entitled to have the jury instructed, as he had requested, on the element of guilty knowledge of the illicit nature of the substance and of the paraphernalia.
REVERSED and REMANDED for a new trial.
ERVIN, ALLEN and LEWIS, JJ., CONCUR.

. The Legislature has now superseded Chi-cone by statute, declaring that knowledge of the illicit nature of the substance is no longer an element of the offenses of possession for offenses committed after May 13, 2002. § 893.101, Fla. Stat. (2002). However, appellant committed his offense prior to the effective date of section 893.101, and the statute cannot be applied to him retroactively. See Starling v. State, 842 So.2d 992, 993 n. 1 (Fla. 1st DCA 2003).