POLEN, J.
Keith Mathis was charged with three counts by information: count one charged that Mathis unlawfully delivered cocaine to I. Jackson, count two charged that Mathis unlawfully had cocaine in his possession with the intent to sell, manufacture or deliver it and count three charged that Mathis unlawfully obstructed or opposed I. Jackson, a police officer, during his lawful arrest. This appeal arises from the entry of a final order sentencing Keith Mathis to ten years incarceration after a jury found him guilty of possession of cocaine with intent to sell and resisting arrest without violence. For the reasons outlined below, we reverse as to the resisting without violence.
At trial, the state first called police officer Kimberly Hancock. Hancock was working with officer Jackson on April 14, 2000, in an undercover capacity, purchasing narcotics. The undercover officers parked in front of an apartment complex and Mathis approached the vehicle. Officer Jackson asked Mathis for $40. Jackson then gave Mathis the money. Hancock saw Mathis go to a parked vehicle, reach in to the vehicle near the glove box, then return with the narcotics. After the narcotics were passed to the officer, a “move in” signal was given by Jackson and uniformed officers arrived on the scene.
When the signal was given, Detectives Bruce, Sierra, and Brogna moved in. Mathis attempted to flee. After Mathis was caught, the officers checked the vehicle and recovered twenty-nine additional baggies of cocaine and nine baggies of rock cocaine from the vehicle. Jackson explained that Mathis did not run from him, he ran from the officers who moved in to make the arrest. Officer Brogna’s testi *1267 mony also confirmed that Mathis did not run from Jackson, rather he ran from the uniformed officers. At the close of the case, the jury was instructed in relevant part as follows:
Before you can find the defendant guilty of possession of cocaine, the State must prove the following four elements beyond a reasonable doubt.
One, Keith Mathis possessed a certain substance.
And Two, the substance was cocaine.
And three, Keith Mathis had knowledge of the presence of the substance.
And four, Keith Mathis had knowledge of the illicit nature of the substance.
No objections were made to this jury instruction. The jury found Mathis guilty of possession of cocaine with the intent to sell or deliver, and guilty of resisting arrest without violence, as charged in the information. Mathis was sentenced to ten years in prison.
Mathis first contends the trial court erred in denying his motion for judgment of acquittal on count three, resisting arrest without violence. We agree. “On appeal of a denial of a motion for judgment of acquittal where the State submitted direct evidence, the trial court’s determination will be affirmed if the record contains competent and substantial evidence in support of the ruling.” Conde v. State, 860 So.2d 930, 2003 WL 22052316 (Fla.2003). “A motion for judgment of acquittal should only be granted if there is no view of the evidence from which a jury could make a finding contrary to that of the moving party.” Perry v. State, 846 So.2d 584 (Fla. 4th DCA 2003). (quoting Jeffries v. State, 797 So.2d 573, 580 (Fla.2001)).
The information in this case provided, in relevant part, as follows:
Keith Mathis on the 14th day of April, A.D.2000, in the County and State aforesaid, did unlawfully obstruct or oppose I. Jackson, a duly qualified and legally authorized enforcement officer of the Fort Lauderdale Police Department ...
Mathis contends that the evidence in this case was that Mathis was arrested by a team of officers that did not include Jackson. This court addressed this issue in Burns v. State, 584 So.2d 1073 (Fla. 4th DCA 1991). The relevant facts of Bums are as follows:
Two police officers responded to an armed robbery broadcast and encountered Burns in a convenience store parking lot. As soon as he saw the officers, he ran away. The officers gave pursuit and their police dog caught and bit him and knocked him to the ground. Burns jumped up and begged the officers to shoot him because he did not want to return to prison, while they attempted to put handcuffs on his flailing arms. One officer struck Burns on the head with his weapon, and in the act dropped the gun. Burns immediately picked it up and pointed the weapon at that officer while making a motion to squeeze the trigger. The other officer then drew his weapon and fired six times, hitting the first officer once and Burns five times in the chest and stomach.
The information charged Burns, inter alia, with resisting arrest with violence with carrying a firearm. The information charged this offense as against the officer who shot Burns rather than the officer who was shot. On appeal, this court reversed the conviction for resisting arrest with violence because the information charged that the defendant resisted one officer but the evidence only supported the conclusion that the defendant resisted a different officer. Id. at 1076.
*1268 The facts of the case at bar are analogous to Burns. In this case, the information charged that Mathis resisted officer Jackson. However, Jackson admitted at trial that Mathis never ran away from him and that he did not make the arrest. As a result, the trial court erred in denying Mathis’s motion for judgment of acquittal.
As his second issue on appeal, Mathis claims the trial court committed fundamental error by failing to properly instruct the jury on the possession charge. More specifically, Mathis complains that the instruction did not comply with Chicone v. State, 684 So.2d 736 (Fla.1996), to include an element of knowledge of the illicit nature of the substance. However, no such instruction was requested, nor was any objection made when the jury was instructed without the inclusion of the Chicone language. Mathis claims the omission of the Chicone language amounted to fundamental error. We disagree.
This court has recently held that failure to give the Chicone instruction amounts to fundamental error only where guilty knowledge is an issue in the case. Davis v. State, 839 So.2d 734 (Fla. 4th DCA 2003); see also Rhinehart v. State, 840 So.2d 456 (Fla. 4th DCA 2003) (failure to give Chicone instruction was not fundamental error where appellant did not present any evidence or argue that he did not know the illicit nature of the substance he delivered).
This case is akin to Davis and Rhinehart in that Mathis’s knowledge of the illicit nature of the substance was not at issue. As a result, in accordance with this court’s prior rulings in Davis and Rhine-hart, the failure of the trial court to include the Chicone instruction did not amount to fundamental error. Therefore there was no error in the jury instructions.
AFFIRMED IN PART, REVERSED IN PART.
STEVENSON and SHAHOOD, JJ., concur.