901 So.2d 788 (2005)
Jorge GARCIA, Petitioner,
v.
STATE of Florida, Respondent.
No. SC03-1677.
Supreme Court of Florida.
April 21, 2005.
*789 James Marion Moorman, Public Defender and Carol J.Y. Wilson, Assistant Public Defender, Tenth Judicial Circuit, Bartow, FL, for Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, FL, Robert J. Krauss, Chief Assistant Attorney General and John M. Klawikofsky, Assistant Attorney General, Tampa, FL, for Respondent.
QUINCE, J.
We have for review the decision in Garcia v. State, 854 So.2d 758 (Fla. 2d DCA 2003), which certified conflict with the decision in Goodman v. State, 839 So.2d 902 (Fla. 1st DCA 2003). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons more fully expressed below, we quash the decision of the Second District Court of Appeal, and approve Goodman.

FACTS
The facts of this case are thoroughly set forth in the Second District's decision as follows:
In the early morning hours on June 9, 2001, Pasco County Deputy Sheriff Joseph Irizarry observed Garcia driving a truck. Garcia's vehicle first came to Deputy Irizarry's attention when it passed through a flashing yellow light without slowing down. Thereafter, Deputy Irizarry saw Garcia's vehicle go off the road while making a right-hand turn and then weave off the roadway onto the grassy shoulder three times. After observing this behavior and following Garcia's vehicle for approximately a quarter of a mile, Deputy Irizarry decided to stop Garcia's vehicle.
After the vehicle stopped and Deputy Irizarry approached the driver's window of the vehicle, he smelled alcohol and observed that Garcia's eyes were bloodshot and that Garcia's speech was slurred. Garcia was alone in the truck. Deputy Irizarry proceeded to conduct field sobriety tests. After conducting the tests, Deputy Irizarry arrested Garcia for driving under the influence.
In the meantime, Deputy Wilkins and Deputy Banner arrived at the scene. In the course of searching Garcia's truck incident to his arrest, Deputy Wilkins found an item  which looked like a softball wrapped in black electrical tape  underneath the passenger's seat of Garcia's truck. Garcia told the deputies at the scene that he did not know what the item was, that he had not seen it before, and had not known that it was in the truck. He also stated that his truck had *790 recently been stolen and that some friends had been in his truck earlier that night. Subsequent tests conducted by the FDLE crime laboratory determined that an off-white powder contained within the item was a mixture containing methamphetamine and a cutting agent.
Garcia was charged by information with trafficking in methamphetamine, driving under the influence, and obstructing or resisting an officer without violence. In his testimony at trial, Garcia stated that the night of his arrest he had the truck at a party from about 7:00 p.m. until 2:00 a.m. His truck was used at the party for playing CDs. Garcia also used the truck on two occasions during the party to take friends to buy beer. Garcia denied using drugs. He testified that he did not put the tape-covered item in the truck, know it was there, or know what it contained. Finally, Garcia testified that his truck had been stolen on Wednesday, May 31, from a shop where he had taken it. The truck was recovered the following Monday in a dirty condition and containing items that did not belong to Garcia. After recovering the truck, he returned it to the shop for the installation of a stereo. When he later picked up the truck, it was clean.
Garcia was found guilty of the driving under the influence charge and guilty of the lesser-included crime of possession of methamphetamine on the trafficking offense. He was found not guilty of the obstructing or resisting charge.
During the trial, at the close of the State's evidence and at the close of all the evidence, Garcia moved for a judgment of acquittal on the trafficking charge pursuant to Florida Rule of Criminal Procedure 3.380(a). The motion was denied.
Id. at 760-61. At the jury charge conference, Garcia objected to the standard jury instruction that permitted the jury to infer or assume knowledge of the presence of the methamphetamine based on exclusive possession. The trial court overruled the objection, rejected Garcia's proposed special instructions, and read the standard instructions on trafficking. In listing the elements of trafficking, the trial court instructed the jury that "the defendant's knowledge `that the substance was methamphetamine or a mixture containing methamphetamine' was a material element of the offense of trafficking." Id. at 764 (emphasis added). The trial court also instructed the jury concerning actual and constructive possession and stated as follows:
If a thing is in a place over which the person does not have control, in order to establish constructive possession, the State must prove the person has control over the thing, knowledge of the thing which was in the person's presence, and the knowledge of the illicit nature of the thing.

Id. at 765 (alteration in original). The trial court then gave an instruction on the elements of the lesser included offense of simple possession. That instruction omitted any reference to the requirement that the defendant have knowledge of the illicit nature of the substance. However, the trial court did state that the prior instruction regarding the "definition of possession... applies to the lesser charge as it did to the greater charge." Id. at 765. Garcia did not object to the failure to include the element of "knowledge of the illicit nature of the substance" in the jury instruction on the lesser included offense of possession.
During deliberations, the jury submitted a question to the court: "What is the difference between trafficking and possession of methamphetamine?" The court then reread the instructions on possession and trafficking, but not the instructions concerning actual and constructive possession. The jury acquitted Garcia of trafficking but found him guilty of the lesser included offense of possession. Garcia renewed *791 his motion for judgment of acquittal and moved for a new trial. Both motions were denied.
Garcia raised several claims on appeal. The district court summarily denied all but the following two claims: (1) the trial court erred when it denied Garcia's motion for judgment of acquittal based on his contention that there was insufficient evidence to establish knowledge of the illicit nature of the substance, and (2) the trial court erred in giving a jury instruction on the lesser included offense of possession that did not include the "knowledge of the illicit nature of the substance" element, i.e., the "guilty knowledge element."
The district court held that the illicit nature of the substance is an indisputable element of the crime of drug possession pursuant to Chicone v. State, 684 So.2d 736, 737 (Fla.1996) (holding that guilty knowledge is an element of possession of a controlled substance and possession of drug paraphernalia). The district court rejected the State's argument that the holding in Chicone was superseded by section 893.101, Florida Statutes (2002). That statute provides that knowledge of the illicit nature of a controlled substance is not an element of drug offenses, but lack of knowledge is an affirmative defense. The statute became law after Garcia committed the offense in this case. The district court then concluded that the instruction given was clearly inadequate and erroneous. However, the court also found that Garcia did not request an instruction concerning guilty knowledge with regard to the possession offense, nor did he object to the trial court's failure to give such an instruction. The error was not preserved, and the district court found that it was not fundamental. On this issue, the Second District certified conflict with Goodman, which holds that when a defendant denies knowledge of the presence of an illegal substance, he or she automatically places into dispute any knowledge of the illicit nature of the substance.

Law and Analysis
In 1973, this Court established a presumption of the scienter element of drug charges arising from actual possession. See State v. Medlin, 273 So.2d 394 (Fla.1973). In Medlin, the defendant gave a capsule to another person, and it contained an illegal substance. Despite the fact that Medlin told the other person that the capsule would make her "go up," Medlin argued that there was no proof at trial to show that he delivered the capsule with knowledge that it contained a barbiturate. Medlin was convicted of delivery of an unlawful barbiturate. The district court reversed the conviction finding that there was no proof adduced to show that Medlin delivered the capsule with knowledge that it contained a barbiturate or barbiturate derivative. On review, this Court quashed the district court's decision and held that the State was not required to prove knowledge or intent since both were presumed from the doing of the prohibited act. The standard jury instructions for the crime of possession  the relevant crime in this case  were then adopted. In the instruction, knowledge of the presence of the substance was listed as an element, and the Medlin presumption was incorporated into that instruction by the following language: "If a person has exclusive possession of a thing, knowledge of its presence may be inferred or assumed." However, the instruction did not list knowledge of the illicit nature of the substance as an element. An accompanying note to the instruction stated that "[i]f the defense seeks to show a lack of knowledge as to the nature of a particular drug, an additional instruction may be required." Fla. Std. Jury Instr. (Crim.) Drug Abuse (1981).
In 1987, this Court addressed whether the jury instructions on trafficking offenses *792 were erroneous because they did not include knowledge of the nature of the substance as an element. See State v. Dominguez, 509 So.2d 917 (Fla.1987). The Court found, under the relevant statutes at the time, that mens rea was an element of all trafficking charges. The Court then expressly amended the jury instructions on trafficking offenses to include a fourth element: that the defendant "knew the substance was (specific substance alleged)." Id. at 918.
In 1996, the Court applied the rationale of Dominguez to possession offenses. See Chicone v. State, 684 So.2d 736 (Fla.1996). In Chicone, the defendant was convicted of possession of cocaine. The trial court refused Chicone's request to instruct the jury that the State had to prove he knew the substance he possessed was cocaine. On review, this Court held that guilty knowledge is part of the statutory offense charged. Id. at 738. The Court rejected the argument that Medlin stood for the proposition that guilty knowledge is not an element of possession and held that the relevant statutes expressly required that the defendant knowingly possess a controlled substance. In Chicone, the State was required to prove the defendant knew of the illicit nature of the items in his or her possession, and the existing jury instructions had to adequately state the "knowledge of the presence of the substance" element Id. at 745 (emphasis added). However, the trial court was only required to "expressly indicate to jurors that guilty knowledge means the defendant must have knowledge of the illicit nature of the substance allegedly possessed" if "specifically requested by a defendant." Id. at 745-46.
Chicone did not address whether an error in failing to give such a requested instruction is reviewable under a harmless error analysis or whether it is fundamental error. That issue was addressed in Scott v. State, 808 So.2d 166 (Fla.2002). In Scott, the defendant was convicted of possession of contraband (cannabis) in a correctional facility. At trial, Scott's defense was that he did not possess the contraband and had no knowledge of its presence in his locker, where it was found. He requested an instruction pursuant to Chicone that the guilty knowledge element includes knowledge of the illicit nature of the substance. The trial court denied the request. On review, this Court held that the trial court's failure to give the requested instruction was reversible error. This Court explained that the Chicone decision stood for the proposition that both knowledge of the presence of the substance and knowledge of the illicit nature of the substance are essential elements of the crime of possession of an illegal substance. Id. at 169. The Court then found that the standard jury instructions on possession were inadequate as they did not inform the jury of the illicit nature of the substance requirement of the guilty knowledge element. Id. at 170. This Court further found that it is error to fail to give the requested instruction even if the defendant did not explicitly say he did not have knowledge of the illicit nature of the substance. Id. at 172.
The defendant in Scott was not in actual, personal possession of the drugs, and the testimony indicated that his locker may have been accessible to other people, which raised the question of whether exclusive constructive possession was proved. Thus in Scott, the Court found reversible error and requested the Committee on Standard Jury Instructions in Criminal Cases to propose an amendment to the jury instructions for possession offenses that would include knowledge of the illicit nature of the substance as an element. Id. at 172 n. 7.[1]
*793 When read together, Medlin, Chicone, and Scott stand for the proposition that "guilty knowledge" is an element of the offense of possession and must be proven beyond a reasonable doubt. The guilty knowledge element includes knowledge of both the presence of, and the illicit nature of, the substance possessed, and the jury should be instructed on both. When requested by the defendant, it is error for the trial court to fail to instruct the jury on the guilty knowledge element regardless of the defense, even when the State's case supports the Medlin presumption of knowledge. See Scott, 808 So.2d at 171. The error has been found harmful in cases where evidence tending to negate the Medlin presumption was presented. See Scott, 808 So.2d at 172.
Although we find that it was error for the trial court to fail to instruct the jury on the guilty knowledge element regardless of the defense,[2] the error was not preserved. Therefore, we must determine whether such error is fundamental and per se reversible.
In deciding whether the failure to instruct that knowledge of the illicit nature of the substance is an element of the offense of possession is fundamental error, we consider State v. Delva, 575 So.2d 643 (Fla.1991). Delva was convicted of trafficking in cocaine. Delva's defense at trial was that he did not know the package of cocaine was in his car. There was no suggestion, however, that Delva did not know that the substance inside the package was cocaine. Because Delva did not argue that he had no knowledge of the illicit nature of the substance, this Court found that the failure to instruct the jury on that element of the crime could not be fundamental error and could only be preserved for appeal by a proper objection. Specifically, this Court stated, "Failing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental error and there must be an objection to preserve the issue for appeal." Delva, 575 So.2d at 645. Delva was affirmed by Reed v. State, 837 So.2d 366 (Fla.2002). In Reed, this Court held that the failure to give a jury instruction on an element of a crime is fundamental error if the element was disputed at trial. However, as the dissent points out, we have affirmed a conviction where the State failed to offer evidence on one element of a crime when that element was not disputed at trial. See F.B. v. State, 852 So.2d 226 (Fla.2003) (holding that the insufficiency of the evidence to prove one element of a crime does not constitute fundamental error where the defendant failed to object or to move for judgment of acquittal on this ground). We clearly stated in F.B. that our affirmance was premised on the fact that the defendant had not preserved the issue of the sufficiency of the evidence for appellate review. Id. at 231.
In this case, the element of knowledge of the illicit nature is in dispute. A challenge to that element is encompassed in Garcia's argument that he did not know the container existed at all and *794 he had never seen it before. By arguing that he did not have knowledge that the black taped package existed, the defendant in this case is implicitly arguing that he did not have knowledge of the illicit nature of the substance inside of it. See, e.g., Scott, 808 So.2d at 169 (holding that Scott's argument that he did not possess the drugs and had no knowledge of the drug's presence in his locker encompasses the argument that he was unaware of the illicit nature of the substance). We find that the knowledge element of a possession charge includes both knowledge of possession and knowledge of the nature of the illegal substance. Thus, when a defendant argues that he or she had no knowledge that an illegal substance was in his or her possession, that defendant also disputes that he or she had knowledge of the nature of the illegal substance. When an essential element of a crime is in dispute at trial, such as the knowledge of the illicit nature of the substance in a possession case, the failure to instruct the jury on that element is fundamental error.

CONCLUSION
Therefore, we approve the First District's decision in Goodman and quash the Second District's decision in this case.
It is so ordered.
PARIENTE, C.J., and ANSTEAD and LEWIS, JJ., concur.
WELLS, J., dissents with an opinion, in which CANTERO and BELL, JJ., concur.
WELLS, J., dissenting.
I dissent. With regard to the certified conflict, I would approve the Second District's decision below; disapprove Goodman v. State, 839 So.2d 902 (Fla. 1st DCA 2003); and hold that in cases where a defendant's theory of defense against a charge of possession was lack of knowledge of the presence of the illegal substance, the reasoning in State v. Delva, 575 So.2d 643 (Fla.1991), that that theory of defense does not also place into dispute knowledge of the illicit nature, should be applied in determining whether fundamental error resulted from a trial court's failure to give the Chicone[3] instruction. In so doing, I would recede from the dicta in Scott v. State, 808 So.2d 166, 171 (Fla.2002), that "Scott's argument that he did not possess the drugs and had no knowledge of the drug's presence in his locker encompasses the argument that he was unaware of the illicit nature of the substance."
In order to fully understand this area of the law, a brief historical review is necessary. In 1973, State v. Medlin, 273 So.2d 394 (Fla.1973), established a presumption, arising from actual possession, of the scienter element of drug charges. In Medlin, the defendant was convicted of unlawful delivery of a barbiturate. It was undisputed that he gave another person a barbiturate capsule, stating that it would make her "go up." On appeal, the district court reversed the conviction because no proof was adduced at trial to show that the defendant delivered the capsule with knowledge that it contained a barbiturate. However, on review, this Court quashed the district court's decision, holding:
Proof that defendant committed the prohibited act raised the presumption that the act was knowingly and intentionally done ...
.... [T]he State was not required to prove knowledge or intent since both were presumed from the doing of the prohibited act.
Id. at 397. Importantly, the Court limited this presumption by distinguishing Medlin's case, which involved actual possession, *795 from other cases in which possession was constructive. Id. at 395-96.
Sometime after Medlin, the standard jury instruction for the offense of possession, the relevant offense in the instant case, was first adopted. Knowledge of the presence of the substance was listed as an element, and the Medlin presumption was incorporated by the following additional language: "If a person has exclusive possession of a thing, knowledge of its presence may be inferred or assumed." Fla. Std. Jury Instr. (Crim.) Drug Abuse (1981). The instruction did not, however, list knowledge of the illicit nature of the substance as an element. An accompanying "Note to Judge" simply stated, "If the defense seeks to show a lack of knowledge as to the nature of a particular drug, an additional instruction may be required. See State v. Medlin, 273 So.2d 394 (Fla.1973)." Id. This note provided little guidance to the courts regarding what that instruction should be because Medlin did not address jury instructions.
Thereafter, in State v. Dominguez, 509 So.2d 917 (Fla.1987), this Court addressed whether the jury instructions on trafficking offenses were erroneous because they did not include knowledge of the nature of the substance as an element. The Court found, under the relevant statutes at the time, that mens rea was an element of all trafficking charges. Id. at 918. The Court then expressly amended all jury instructions on trafficking offenses to include a fourth element: that the defendant "knew the substance was (specific substance alleged)." Id. at 918. The Court did not address, however, whether the same applied to possession offenses.
That issue came before the Court in 1996, in Chicone v. State, 684 So.2d 736 (Fla.1996). In Chicone, the trial court denied Chicone's request to instruct the jury that a charge of possession of cocaine required the State to prove that the defendant knew the substance he possessed was cocaine. On review, this Court held that "guilty knowledge is part of the statutory offense charged." Id. at 738. In a lengthy opinion, the Court first rejected the argument that Medlin stood for the proposition that guilty knowledge is not an element of possession, stating:
We held in Medlin ... that the State established a prima facie case and sufficient proof that the "defendant was aware of the nature of the drug" to get the case to the jury. That's a far cry from holding that guilty knowledge is unnecessary.... Medlin stands for the proposition that evidence of actual, personal possession is enough to sustain a conviction.
Id. at 739. Next, the Court cited favorably to the decision in State v. Oxx, 417 So.2d 287 (Fla. 5th DCA 1982), which acknowledged that the relevant statutes did not expressly require "knowing" possession of a controlled substance but concluded that the State must still prove general intent. The Court also reviewed and rejected a principle of statutory construction that the Legislature need not require proof of intent in codifying crimes mala prohibita. The Court then concluded that the relevant statutes "are more akin to offenses that presume a scienter requirement" because of the substantial criminal penalties imposed, Chicone, 684 So.2d at 742-43, and held:
We believe it was the intent of the legislature to prohibit the knowing possession of illicit items and to prevent persons from doing so by attaching a substantial criminal penalty to such conduct. Thus, we hold that the State was required to prove that Chicone knew of the illicit nature of the items in his possession.
Id. at 744. The Court further wrote, "While the existing jury instructions are adequate in requiring `knowledge of the *796 presence of the substance,' we agree that, if specially requested by a defendant, the trial court should expressly indicate to jurors that guilty knowledge means the defendant must have knowledge of the illicit nature of the substance allegedly possessed." Id. at 745-46 (emphasis added). In conclusion, the Court held that the trial court erred in denying Chicone's request and, without engaging in harmless error analysis, remanded the case for further proceedings consistent with its opinion.
In a final footnote to Chicone, the Court suggested its holding was an appropriate subject to be addressed by the Committee on Standard Jury Instructions in Criminal Cases. Id. at 746 n. 14. Later, in In re Standard Jury Instructions in Criminal Cases (97-1), 697 So.2d 84, 85-87 (Fla.1997), the Court adopted amendments proposed by that committee which inserted a fourth element of knowledge of the nature of the substance into the jury instructions on trafficking offenses and added the following language to the definition of "possession" within those instructions:
Give if applicable. See Chicone v. State, 684 So.2d 736 (Fla.1996).
If a thing is in a place over which the person does not have control, in order to establish constructive possession the State must prove the person's (1) control over the thing, (2) knowledge that the thing was within the person's presence, and (3) knowledge of the illicit nature of the thing.
Id. at 87. However, despite that Chicone specifically addressed a challenge to the jury instructions on a possession charge, the same amendments were not made to the standard jury instructions for possession offenses.
After Chicone, confusion remained regarding the standard jury instructions for possession offenses, and the issue returned to this Court three years later in Scott v. State, 808 So.2d 166 (Fla.2002). In Scott, the defendant was convicted of possession of contraband in a correctional facility. At trial, Scott's theory of defense had been that he did not possess the contraband and had no knowledge of its presence in his locker where it was found. He requested an instruction pursuant to Chicone that the guilty knowledge element includes knowledge of the illicit nature of the substance. The trial court denied the request. On appeal, Scott argued that because the burden was on the State to prove he knew the substance was cannabis even if he had not raised the issue at trial, the trial court erred in failing to give the instruction. The district court disagreed. See Scott v. State, 722 So.2d 256 (Fla. 5th DCA 1998), quashed, 808 So.2d 166 (Fla.2002). But on review, this Court agreed with Scott and held that the trial court's denial of the requested instruction was reversible error. Scott, 808 So.2d at 172.
In the Scott decision, this Court initially reviewed Chicone and noted that that decision "clearly said both knowledge of the presence of the substance and knowledge of the illicit nature of the substance are essential elements of the crime of possession of an illegal substance." Id. at 169. The Court then wrote, "It is implicit in this holding that the standard jury instructions on possession do not adequately inform the jury of the `illicit nature of the substance' requirement of the guilty knowledge element." Id. at 170. Turning to the case at hand, the Court addressed the argument that the trial court did not err in denying the requested instruction because Scott did not specifically dispute that element. The Court wrote:
The rationale that Scott's defense is internally inconsistent is flawed and appears to be premised on a proposition that we rejected in Chicone, that is, that the defendant has the burden to put forth evidence on this issue. As we previously said and reiterate here, guilty knowledge of the illicit nature of the *797 possessed substance is an element of the offense of possession of a controlled substance. The State has the burden of proof in any prosecution to demonstrate each element of the offense beyond a reasonable doubt. Since knowledge is an element of the offense, the State has the burden of proving the defendant's possession was knowing. See Jackson v. State, 575 So.2d 181 (Fla.1991); Butler v. State, 715 So.2d 339 (Fla. 4th DCA 1998). Since knowledge is an element of the offense, the State has the burden of proving the defendant's possession was knowing. Moreover, the jury is entitled to be instructed on the elements of an offense. In Gerds v. State, 64 So.2d 915 (Fla.1953), we held:
It is an inherent and indispensable requisite of a fair and impartial trial under the protective powers of our Federal and State Constitutions as contained in the due process of law clauses that a defendant be accorded the right to have a Court correctly and intelligently instruct the jury on the essential and material elements of the crime charged and required to be proven by competent evidence.

Id. at 916. See also State v. Delva, 575 So.2d 643 (Fla.1991). Since the jury is entitled to be instructed on the elements of the offense, it cannot be harmless error to fail to do so especially when the omission is brought to the attention of the trial court by the defendant.
Id. at 170-71. Following this passage, the Court added:
Furthermore, Scott is not arguing two alternative defenses, as the Fifth District suggests. Rather, it is a single argument that he did not possess the drugs. Scott's argument that he did not possess the drugs and had no knowledge of the drug's presence in his locker encompasses the argument that he was unaware of the illicit nature of the substance. With this kind of argument and defense, each element of the offense is a disputed element on which the jury must be instructed. Moreover, the requirement that an instruction must be given does not depend on the defense espoused. Because knowledge of the illicit nature is an element of the crime and the jury must be instructed on each element of the crime, an instruction must be given even when the defendant simply requires the State to prove its case and offers nothing by way of an affirmative defense.
Id. at 172 (citation omitted). A close reading of these two passages reveals that the Court's holding in Scott was, as stated in the conclusion, that the trial court erred in denying the requested instruction because "[i]t is error to fail to give an instruction even if the defendant did not explicitly say he did not have knowledge of the illicit nature of the substance." Id. at 172. As a separate matter, the Court also concluded that that error was reversible because Scott was not in actual, personal possession of the drugs, and testimony at trial indicated that the locker may have been accessible to other people  facts which raised the question of whether exclusive constructive possession was proved and, therefore, whether the Medlin presumption applied. See id. at 171-72.[4]
*798 Since Scott, this Court has reaffirmed the principle that, when requested by a defendant and regardless of the defense espoused, it is error for a trial court to fail to instruct the jury that knowledge of the illicit nature of the substance is an element of the offense of possession. See State v. Williamson, 813 So.2d 61 (Fla.2002); McMillon v. State, 813 So.2d 56 (Fla.2002); Washington v. State, 813 So.2d 59 (Fla.2002). However, this Court has not expressly spoken on the issue of whether such error is fundamental when the defendant fails to request such an instruction at trial. Yet that issue did come before this Court recently in Barnes v. State, 852 So.2d 231 (Fla.2003), in which we accepted jurisdiction on the basis of our review of Reed v. State, 783 So.2d 1192 (Fla. 1st DCA 2001), and subsequently remanded Barnes' case to the district court in light of our decision in Reed v. State, 837 So.2d 366 (Fla.2002).
In Reed, we held that in aggravated child abuse cases, the failure to accurately define the element of malice constitutes fundamental error if the malice element was disputed at trial. 837 So.2d at 369. While Reed is not directly on point with the issue raised in Barnes and the instant case, it is significant because it reaffirmed a principle set forth in State v. Delva, 575 So.2d 643, 645 (Fla.1991), a decision by this Court that addressed an unpreserved claim of error almost identical to the one raised here, that "[f]ailing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental error." In Delva, the defendant was convicted of trafficking in cocaine. Delva's defense at trial was that he lacked knowledge of the presence of the cocaine found in his vehicle. No instruction was requested or given that the State must prove knowledge of the illicit nature of the substance. On review, this Court initially noted that there was "no doubt that the instruction given in Delva's case was erroneous" because it failed to include the element this Court previously added, in Dominguez, to the instruction on the offense of trafficking. Id. at 644. However, this Court also held that that error was not fundamental in Delva's case. Id. at 645. With regard to the generally applicable law, the Court wrote:
We have long held that "[i]t is an inherent and indispensable requisite of a fair and impartial trial ... that a defendant be accorded the right to have a Court correctly and intelligently instruct the jury on the essential and material *799 elements of the crime charged and required to be proven by competent evidence." Gerds v. State, 64 So.2d 915, 916 (Fla.1953). Instructions, however, are subject to the contemporaneous objection rule, and, absent an objection at trial, can be raised on appeal only if fundamental error occurred. Castor v. State, 365 So.2d 701 (Fla.1978); Brown v. State, 124 So.2d 481 (Fla.1960). To justify not imposing the contemporaneous objection rule, "the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." Brown, 124 So.2d at 484. In other words, "fundamental error occurs only when the omission is pertinent or material to what the jury must consider in order to convict." Stewart v. State, 420 So.2d 862, 863 (Fla.1982), cert. denied, 460 U.S. 1103, 103 S.Ct. 1802, 76 L.Ed.2d 366 (1983). Failing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental error and there must be an objection to preserve the issue for appeal.
Id. at 644-45. Turning to the facts of Delva, the Court noted that Delva presented testimony that the vehicle was jointly owned by himself and his fiancée and his brother had driven it on the day of the arrest, and Delva's defense at trial was that he did not know of the presence of the cocaine. The Court then held:
There was no suggestion that Delva was arguing that while he knew of the existence of the package he did not know what it contained. Hence, the issue which was raised in Dominguez and corrected by the addition to the standard jury instruction was not involved in Delva's case. Because knowledge that the substance in the package was cocaine was not at issue as a defense, the failure to instruct the jury on that element of the crime could not be fundamental error and could only be preserved for appeal by a proper objection.
Id. at 645. In short, the Court concluded that Delva's defense that he did not have knowledge of the presence of the cocaine did not also place into dispute the element of knowledge of the illicit nature, and therefore the error in failing to instruct the jury on that element was not fundamental.
Every district court that has considered the issue of whether fundamental error resulted from a trial court's failure to instruct that knowledge of the illicit nature of the substance is an element of the offense of possession has applied, on a case-by-case basis, the principle set forth in Delva that "[f]ailing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental error." 575 So.2d at 645; see Barnes v. State, 864 So.2d 1200 (Fla. 1st DCA 2004) (fundamental error where defendant specifically contested knowledge of illicit nature); Mathis v. State, 859 So.2d 1265 (Fla. 4th DCA 2003) (no fundamental error where knowledge of illicit nature not at issue); Jones v. State, 857 So.2d 969 (Fla. 2d DCA 2003) (fundamental error where defendant's claim that cocaine residue was so minor as to not be usable or effectively measured constituted dispute regarding knowledge of illicit nature); Starling v. State, 842 So.2d 992 (Fla. 1st DCA 2003) (no fundamental error where defendant only contested identity); Rhinehart v. State, 840 So.2d 456, 457 (Fla. 4th DCA 2003) (no fundamental error where defendant "did not present any evidence or argue that he did not know the illicit nature of the substance"); Davis v. State, 839 So.2d 734 (Fla. 4th DCA 2003) (no fundamental error where defendant only contested identity); Ozell v. State, 837 So.2d 559 (Fla. 3d DCA 2003) (no fundamental error where defendant only contested *800 identity); Lee v. State, 835 So.2d 1177 (Fla. 4th DCA 2002) (no fundamental error where defendant denied knowledge of presence of marijuana); Johnson v. State, 833 So.2d 252, 253 (Fla. 4th DCA 2002) (fundamental error where defendant contested knowledge of "illegality of the substance"); Blunt v. State, 831 So.2d 770 (Fla. 4th DCA 2002) (fundamental error where defendant denied knowledge of pill bottle and crack cocaine, and State argued defendant had knowledge of substance because it had been in his hand and he exchanged it for money). Similarly, the Second District applied the same principle below in analyzing whether fundamental error occurred in Garcia's trial. I agree with the majority of this Court that the application of that principle to this case was proper.
However, the point of divergence between the majority and myself, as well as between district court decisions addressing claims similar to Garcia's, stems from the reasoning in Delva that a theory of defense contesting knowledge of the presence of a substance does not also place into dispute knowledge of the illicit nature of that substance. In the instant case, citing Delva, the Second District found no fundamental error where Garcia's theory of defense was that he had no knowledge of the existence of the cocaine found in his vehicle. Similarly, the Fourth District implicitly agreed with Delva's reasoning when in Lee v. State it found no fundamental error where a defendant's defense had been that he had no knowledge of the package of contraband found in his vehicle. 835 So.2d at 1177. See also Davis, 839 So.2d at 735 (rejecting application of Scott in favor of application of Delva). But in Goodman v. State, 839 So.2d 902, 903 (Fla. 1st DCA 2003), the First District, citing Scott, held that a defendant's denial of knowledge of the presence of cannabis "placed in dispute the essential element of knowledge of the illicit nature of the substance, as well as that of knowledge of the presence of the substance" and concluded, citing Reed, that "[a]ccordingly, failure to instruct the jury on the element of knowledge of the illicit nature of the substance constituted fundamental error, entitling appellant to a new trial." This conflict between the decision below and Goodman is what the district court certified to this Court in the instant case.
As the court below correctly concluded, Scott and Delva do not conflict in their holdings because the former addresses preserved error and the latter addresses fundamental error.[5] Nonetheless, there does appear to be a conflict between the holding in Delva and certain dicta in Scott. Compare Delva, 575 So.2d at 645 (no fundamental error resulted because defendant disputed knowledge of presence of substance but not knowledge of illicit nature of substance), with Scott, 808 So.2d at 171 ("Scott's argument that he did not possess the drugs and had no knowledge of the drug's presence in his locker encompasses the argument that he was unaware of the illicit nature of the substance."). To be clear, however, the certified conflict to be addressed by this Court is not the apparent conflict between the holding in Delva and dicta in Scott. Rather, the Second District has correctly certified conflict between the decision below and the Goodman decision on the issue of whether the reasoning of Scott or the reasoning of Delva is applicable where a defendant's theory *801 of defense against a charge of possession was lack of knowledge of the presence of the substance. The Second District followed the reasoning of Delva in the decision below, whereas the First District followed the reasoning of Scott in Goodman.
I would approve the Second District's decision below, disapprove the Goodman decision, and hold that in cases where a defendant's theory of defense was lack of knowledge of the presence of the substance, the reasoning in Delva, that a theory of defense contesting knowledge of presence does not also place into dispute knowledge of the illicit nature, should be applied. In so doing, I would recede from the statement in Scott that "Scott's argument that he did not possess the drugs and had no knowledge of the drug's presence in his locker encompasses the argument that he was unaware of the illicit nature of the substance." 808 So.2d at 171. That statement was mere dicta, included to support the Court's conclusion that "the requirement that an instruction must be given does not depend on the defense espoused." Id. In other words, the statement supported the threshold finding of error but was not also part of the harmful error analysis. That threshold finding of error, however, was primarily and fully supported by the Court's determination that guilty knowledge is a necessary element of the offense of possession, and its rejection of the alternative conclusion that lack of guilty knowledge is an affirmative defense. Thus, the statement was mere dicta that could and should be receded from in the instant case in order to resolve the apparent conflict between it and the holding of Delva.
The basic point in Scott that a defendant's theory of defense has no effect on the trial court's duty to instruct the jury on every element of the crime charged remains correct. Whether or not a defendant disputes a particular element of a crime does not control whether the jury is to be informed of that element. The jury should always be informed of every element of a crime charged. However, where a defendant fails to object to incomplete instructions regarding the elements of a crime, the issue of whether the trial court's error in failing to properly instruct constitutes fundamental error should be determined on the basis of whether the missing element was a disputed issue at trial. This is because the fundamental error standard is a strict one, designed to correct the type of error that "reaches down into the validity of the trial itself." Where an element of the crime charged was not disputed at trial, it cannot be said that the jury's consideration of guilt was affected by an improper or insufficient instruction on that element. This is illustrated by cases such as Delva, in which it cannot logically be said that a jury which found the defendant guilty despite his claim that he did not have knowledge even of the presence of the illegal substance would have found the defendant not guilty if instructed on the additional element of knowledge of the illicit nature.
The conclusion I reach is consistent with the recent unanimous decision of this Court in F.B. v. State, 852 So.2d 226 (Fla.2003). In F.B., we approved the Fourth District's holding that the insufficiency of the evidence to prove one element of a crime does not constitute fundamental error, and therefore this claim must first be raised in the trial court to be preserved for appellate review. If the failure to prove at trial one element of a crime is not fundamental error, then neither can failure to instruct on one element be fundamental error.
CANTERO and BELL, JJ., concur.
NOTES
[1] After the Scott decision was issued in January 2002, the Legislature enacted section 893.101, Florida Statutes (2002), which sets forth legislative intent that knowledge of the illicit nature of a controlled substance is not an element of any offense under chapter 893 but rather lack of knowledge of the illicit nature of a controlled substance is an affirmative defense to the offenses of the chapter. Id. Furthermore, the statute provides that when an affirmative defense under this statute is raised, there is a presumption that the possessor knew of the illicit nature of the substance. Id. This case was tried on December 11, 2001. Thus, this statute was enacted after the offense and trial in this case.
[2] Because of the statutory changes made by the Legislature, this decision is limited to cases tried prior to the effective date of the statute and pending on direct appeal.
[3] Chicone v. State, 684 So.2d 736, 737 (Fla.1996).
[4] I dissented in Scott because I found that the more logical and less problematic approach to these types of cases would be to treat lack of knowledge as an affirmative defense to be raised once the State carries its burden of proving possession giving rise to the Medlin presumption. It appears the Legislature agrees. After the Scott decision was issued in January 2002, the Legislature enacted the following statute, effective May 13, 2002:

893.101. Legislative findings and intent.
(1) The Legislature finds that the cases of Scott v. State, Slip Opinion No. SC94701 [808 So.2d 166] (Fla.2002), and Chicone v. State, 684 So.2d 736 (Fla.1996), holding that the state must prove that the defendant knew of the illicit nature of a controlled substance found in his or her actual or constructive possession, were contrary to legislative intent.
(2) The Legislature finds that knowledge of the illicit nature of a controlled substance is not an element of any offense under this chapter. Lack of knowledge of the illicit nature of a controlled substance is an affirmative defense to the offenses of this chapter.
(3) In those instances in which a defendant asserts the affirmative defense described in this section, the possession of a controlled substance, whether actual or constructive, shall give rise to a permissive presumption that the possessor knew of the illicit nature of the substance. It is the intent of the Legislature that, in those cases where such an affirmative defense is raised, the jury shall be instructed on the permissive presumption provided in this subsection.
§ 893.101, Fla. Stat. (2002). Following this enactment, this Court instructed the Committee on Standard Jury Instructions to revise the standard jury instructions in order to fully reflect the provisions of section 893.101. See Standard Jury Instructions in Criminal Cases, 869 So.2d 1205, 1206 (Fla.2004).
Many district courts, including the one below, have held that section 893.101 may not be applied retroactively and is not applicable to cases in which the offense was committed prior to its effective date. I believe this is a correct conclusion.
[5] The standard of review is highly relevant because, as this Court stated in Reed, 837 So.2d at 370:

[A]ll fundamental error is harmful error. However, we likewise caution that not all harmful error is fundamental. Error which does not meet the exacting standard so as to be "fundamental" is subject to review in accord with State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986) (discussing the harmless error test).