MONACO, J.
Carl Pigford appeals the summary denial of his rule 3.850 motion for postconviction relief, in which he alleges that his trial counsel was ineffective. We affirm the rulings of the trial court in all respects save one. With respect to the claim in which Mr. Pigford contends that his defense counsel was ineffective in failing to request that the jury be instructed in accordance with Chicone v. State, 684 So.2d 736 (Fla.1996), we conclude that he is entitled to an evidentiary hearing.
Mr. Pigford was convicted by a jury of sale of cocaine, possession of cocaine with intent to sell or deliver, possession of less than 20 grams of cannabis, possession of Alprozolam, and possession of a medicinal drug without a prescription. He was thereafter sentenced to 15 years in prison. The evidence at trial indicated that on March 29, 2002, law enforcement officers executed a search warrant at a residence using a “knock and announce procedure.” See Florida Statutes § 933.09 (2002). Once inside, the officers found Mr. Pigford in the master bedroom of the residence. He had on his person $1,065 in cash, but no drugs. The detectives found a driver’s license and social security cards on the dresser in the bedroom, but none bore Mr. Pigford’s name. Contraband drugs were found under a carpet in the master bathroom, and a small amount of contraband in the bedroom itself. No lease or other documentary evidence was introduced to demonstrate that Mr. Pigford actually lived on the premises. During the trial Mr. Pigford attempted to demonstrate *95 through cross-examination of witnesses that his fingerprints were not found on any of the drugs, and that no other evidence linked him to the drugs.
Mr. Pigford argues that his attorney was ineffective because he failed to request that the jury be instructed in accordance with Chicone. In that case the Supreme Court held:
While the existing jury instructions [for possession of a controlled substance] are adequate in requiring “knowledge of the presence of the substance,” we agree that, if specifically requested by a defendant, the trial court should expressly indicate to jurors that guilty knowledge means the defendant must have knowledge of the illicit nature of the substance allegedly possessed.
Id. at 745-746. The “guilty knowledge” element consists of knowledge of both the presence of, and the illicit nature of the substances possessed. See Chicone; see also Scott v. State, 808 So.2d 166 (Fla.2002). Thus, Mr. Pigford asserts that because “guilty knowledge” was at the time of his trial an essential element of the offense of possession of proscribed substances, and because that element had to be proven by the State beyond a reasonable doubt, he was prejudiced by the defense counsel’s failure to request that the knowledge instruction be given.
The trial court addressed and rejected this claim on the merits, holding in pertinent part:
At trial, [Mr. Pigford] chose not to testify and did not present any evidence. [Mr. Pigford] acknowledged to the Court that he had not intended to present any evidence or any witnesses on his own behalf. Through cross-examination, the defense emphasized that [Mr. Pigford’s] fingerprints were not found on the drugs, and that no leases or identifications were found establishing [that Mr. Pigford] lived at the searched residence. The defense also attacked the adequacy of the methods used in chemically testing the drugs. The defense did not attempt to dispute [Mr. Pigford’s] knowledge of the nature of the drugs, and Defendant cannot shoiv the instruction in question would have furthered his defense. Under the facts of this case, [Mr. Pigford] does not show he received ineffective assistance of counsel regarding the failure to request the jury instruction.
Prior to May 13, 2002, the State was required to prove beyond a reasonable doubt in cases in which possession of illegal drugs was charged that the defendant (1) possessed a certain controlled substance; (2) that the substance was one of the prohibited substances; and (3) that the defendant had knowledge of the presence of the substance. See generally Peterson v. State, 816 So.2d 152 (Fla. 4th DCA 2002). The Supreme Court of Florida noted that the “guilty knowledge” requirement of the third element includes “knowledge of both the presence of, and the illicit nature of, the substance possessed, and the jury should be instructed on both.” Garcia v. State, 901 So.2d 788, 793 (Fla.2005) (citing to Scott). The Florida standard jury instructions in place at the time failed to capture the “illicit nature” requirement within the definition of “possession of a controlled substance”. See Scott, 808 So.2d at 172, n. 7.
The Florida Legislature when made aware of the holding in Chicone enacted section 893.101, Florida Statutes, by which it declared that “knowledge of the illicit nature of the substance is no longer an element of the offenses of possession for offenses committed after May 13, 2002.” See Gordon v. State, 858 So.2d 359, 360 n. 1 (Fla. 1st DCA 2003). As with the defendant in Gordon, however, Mr. Pig- *96 ford was alleged to have committed the offenses in the instant case on March 29, 2002, prior to the enactment of section 893.101. As the statute cannot be applied retroactively, knowledge of the illicit nature of the substance was an essential element of the possession offenses charged against Pigford. See Id.; Garcia, 901 So.2d at 793.
The trial court’s order did not address whether or not Mr. Pigford was prejudiced by the fact that his defense counsel failed to ensure that the jury was instructed on the knowledge element of the offense of possession of a proscribed substance. In particular, the trial court’s conclusion that Mr. Pigford “cannot show the instruction in question would have furthered his defense,” fails to account for the fundamental tenet of jurisprudence that “an inherent and indispensable requisite of a fair and impartial trial [is] that a defendant be accorded the right to have a Court correctly and intelligently instruct the jury on the essential and material elements of the crime charged and required to be proven by competent evidence.” State v. Delva, 575 So.2d 643, 644 (Fla.1991) (citing Gerds v. State, 64 So.2d 915, 916 (Fla.1953)). Moreover, had the instruction been requested by defense counsel, it would probably have been error for the trial court not to give it. See Scott (holding that where a Chicone instruction is requested by the defendant, it is error to fail to give such an instruction, “even if the defendant did not explicitly say he did not have knowledge of the illicit nature of the substance” at the trial).
We hold, therefore, that the trial court has failed to show conclusively that the appellant is not entitled to relief on this claim. See generally Fla. R.App. P. 9.141(b)(2)(D). Accordingly, we reverse the order of the trial court with respect to this claim, and remand for an evidentiary hearing or such other relief as is consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
PLEUS, C.J., and TORPY, J„ concur.