PER CURIAM.
We have for review a decision certifying the following questions to be of great public importance:
ONCE A DEFENDANT IS CHARGED WITH ATTEMPTED SECOND DEGREE (DEPRAVED MIND) MURDER OF A LAW ENFORCEMENT OFFICER AND IS CONVICTED BY A JURY OF THE LESSER OFFENSE OF ATTEMPTED THIRD DEGREE FELONY MURDER, A NONEXISTENT OFFENSE, DOES STATE V. GRAY, 654 So.2d 552 (Fla.1995), PERMIT THE TRIAL COURT, UPON REVERSAL OF THE CONVICTION AND REMAND, TO ENTER JUDGMENT FOR' THE OFFENSE OF RESISTING ARREST WITH VIOLENCE, A LESSER INCLUDED OFFENSE OF THE CRIME CHARGED?
IF THE ANSWER IS NO, THEN DO LESSER INCLUDED OFFENSES OF THE CHARGED OFFENSE REMAIN VIABLE FOR A NEW TRIAL?
Riggins v. State, 671 So.2d 244, 245 (Fla. 1st DCA 1996) We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
We answered these questions in State v. Wilson, 680 So.2d 411 (Fla.1996), by holding that where a conviction for attempted felony murder has been vacated on the basis of our opinion in Gray, the proper remedy is retrial on any lesser included offense which was instructed on at trial. Here, Riggins’ conviction for attempted third-degree felony murder means he was effectually acquitted of the charged offense of attempted second-degree murder of a law enforcement officer. He may therefore be tried on the other offenses instructed on below which were equal to or lesser than attempted third-degree felony murder: resisting an officer with violence and resisting an officer without violence. Accordingly, we answer part one of this certified question in the negative and part two of this certified question in the affirmative.
We answer the certified questions as explained above. The decision of the district court is approved in part and quashed in part. The case is remanded for proceedings consistent with this opinion.
It is so ordered.
*819 OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.