695 So.2d 819 (1997)
Markham YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. 96-0373.
District Court of Appeal of Florida, Fourth District.
May 28, 1997.
Rehearing Denied July 14, 1997.
*820 Richard L. Jorandby, Public Defender, and David McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and M. Giselle August, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, Judge.
Markham Young appeals the judgment entered against him after a jury found him guilty of attempted third degree felony murder and armed burglary of a dwelling with assault or battery. Young was also charged with possession of a firearm by a convicted felon, and pleaded guilty to that charge after trial. In accord with the state's concession, we reverse Young's conviction for attempted third degree felony murder on the authority of State v. Gray, 654 So.2d 552 (Fla.1995). Under State v. Riggins, 684 So.2d 818 (Fla. 1996), a defendant convicted of attempted third degree felony murder may after remand be tried on "other offenses instructed on below which were equal to or lesser than attempted third-degree felony murder...." Id. at 818. Therefore, we remand for retrial on the lesser included charges of attempted manslaughter, aggravated assault, battery, and assault. State v. Pratt, 682 So.2d 1096 (Fla.1996); State v. Wilson, 680 So.2d 411 (Fla.1996).
Regarding Young's conviction for armed burglary of a dwelling with assault or battery, Young argues his motion for judgment of acquittal should have been granted on this charge because he was "licensed or invited to enter or remain" in the victim's dwelling, which is an affirmative defense to the burglary charge.[1] We find no error in the denial of Young's motion for judgment of acquittal because the question of Young's possessory interest in the victim's dwelling was properly submitted to the jury. Although the evidence was not without conflict, the state presented evidence disproving Young's defense beyond a reasonable doubt. See Hansman v. State, 679 So.2d 1216 (Fla. 4th DCA 1996) (stating defendant has the burden of initially offering evidence to establish the affirmative defense, after which the burden shifts to the state to disprove the defense beyond a reasonable doubt).
The victim, Lawana Wilson, testified she requested Young return his key to her house during an argument several hours before the crime, which Young did by throwing the key at Wilson, after which Young immediately left the house. Wilson's cousin testified Young knocked on the door of Wilson's house when he returned that evening, and the cousin did not open the door for Young because he did not have Wilson's permission to allow Young to enter the house. Finally, another witness testified Wilson told everyone in the house not to allow Young back into the house on the evening of the crime. Admitting these facts and every conclusion favorable to *821 the state that a jury might reasonably and fairly infer from the evidence, Burke v. State, 672 So.2d 829 (Fla. 1st DCA 1995), the trial court properly denied Young's motion for judgment of acquittal on the burglary charge. A jury could not reasonably conclude the evidence failed to exclude every reasonable hypothesis of innocence. Green v. State, 408 So.2d 1086 (Fla. 4th DCA 1982).
As to Young's final point on appeal, he asks this court for an advisory opinion regarding the potential effect, if any, a reversal on either or both of his primary felony charges would have on a motion to withdraw his plea to the possession of a firearm by a convicted felon charge. A motion to withdraw has not been filed, argued, nor ruled on by the trial court, and therefore this issue is not ripe for our review. We dismiss this point without prejudice to Young filing an appropriate motion in the trial court should he elect to do so.
AFFIRMED in part, REVERSED in part, and REMANDED.
WARNER and GROSS, JJ., concur.
NOTES
[1] Section 810.02 provides in pertinent part:

810.02 Burglary.
(1) "Burglary" means entering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.
(Emphasis supplied).