PER CURIAM.
In this direct criminal appeal, appellant raises two points challenging his judgments of conviction for third-degree felony murder and robbery. We affirm, without discussion, appellant’s second point but, because we agree that his conviction for third-degree felony murder was improper *692 and the direct result of an incorrect jury instruction, we reverse and remand for further proceedings on appellant’s first point.
Appellant and two co-defendants were charged by superceding indictments with premeditated murder and robbery of a single victim. Appellant was tried as a principal to the crime of murder and, as to him, the jury was initially instructed on the main offenses of first-degree premeditated murder and first-degree felony murder, and then on the lesser included offenses of second-degree murder, second-degree felony murder, manslaughter, robbery, attempted robbery and petit theft. During its deliberations, the jury asked a number of questions concerning the instructions given on first and second-degree felony murder. Following a side-bar conference with counsel, the trial court concluded that, under the facts of appellant’s case, an instruction on the lesser included offense of second-degree felony murder was inappropriate, because the victim was murdered during the course of the felony by one of appellant’s co-defendants and not by a non-principal. See State v. Dene, 533 So.2d 265 (Fla.1988). Accordingly, after denying appellant’s lawyer’s motion for a mistrial, and obtaining the lawyer’s grudging acquiescence to a new instruction on third-degree felony murder (“based on the Court’s ruling and denial of mistrial, I think we’re forced to request that”), the trial court fully re-instructed the jury on first-degree premeditated and felony murder, second-degree murder, and then third-degree felony murder followed by an instruction on manslaughter. The jury returned verdicts of guilty of third-degree felony murder and robbery. Thereafter, appellant filed a “Motion for Arrest of Judgment as to Count I” in which he requested that the trial court enter an order arresting judgment as to the lesser included offense of third-degree felony murder on the basis that the underlying offense of robbery was an expressly excluded predicate felony under the statute and, therefore, he was convicted of a nonexistent crime. We agree that, on the facts of this case, appellant was convicted of a nonexistent crime.
Third-degree felony murder is a felony of the second degree and is defined in section 782.04(4), Florida Statutes (2004), as “[t]he unlawful killing of a human being, when perpetrated without any design to effect death, by a person engaged in the perpetration of, or in the attempt to perpetrate, any felony” other than the eighteen enumerated felonies, one of which is “[rjobbery.” See § 782.04(4)(d), Fla. Stat. (2004). Thus, by the statute’s express terms, there is no alternative means to finding someone guilty of third-degree felony murder other than by establishing that the underlying felony is not one of the enumerated felonies. See Mahaun v. State, 377 So.2d 1158, 1160 (Fla.1979). Accordingly, because, under the facts of this case, the only other felony the jury found appellant guilty of was robbery, appellant could not be legally convicted of third-degree felony murder. By virtue of the exclusionary language of section 782.04(4), third-degree felony murder predicated on the underlying felony of robbery is, effectively, a nonexistent crime.
Conviction of a nonexistent crime constitutes fundamental error. See Achin v. State, 436 So.2d 30, 31 (Fla.1982); Fred-ericks v. State, 675 So.2d 989, 990 (Fla. 1st DCA 1996). However, despite having been convicted of a nonexistent crime, appellant is not automatically entitled to be discharged. Instead, in such a situation, the proper remedy is for the case to be remanded to the trial court for a new trial “on any other offense instructed on below *693 which was equal to or lesser than” third-degree felony murder. State v. Pratt, 682 So.2d 1096, 1096 (Fla.1996). Accord State v. Horn, 684 So.2d 186 (Fla.1996); Young v. State, 695 So.2d 819 (Fla. 4th DCA 1997). Here, the jury was instructed on manslaughter. Accordingly, we reverse appellant’s conviction for third-degree felony murder and remand for a new trial on manslaughter.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
WEBSTER, DAVIS, and HAWKES, JJ., concur.