PER CURIAM.
Jarvis Haynes appeals from the dismissal of his petition for writ of habeas corpus filed in Orange County Circuit Court where he was convicted in 2005 of third-degree felony murder, robbery with a firearm, and dealing in stolen property. This court affirmed the convictions in 2006. Haynes v. State, 946 So.2d 1106 (Fla. 5th DCA 2006). Although Haynes has completed his sentence on the third-degree felony murder charge, he is currently serving concurrent sentences on the latter two charges in Taylor County, Florida.[1]
Haynes first seeks relief alleging that the predicate felony for his third-degree felony murder charge was robbery, and that this is a nonexistent crime. See Moore v. State, 983 So.2d 691 (Fla. 1st DCA 2008) (explaining that “third-degree felony murder predicated on the underlying felony of robbery is, effectively, a nonexistent crime” because section 782.04(4), Florida Statutes, expressly excludes robbery as a predicate felony for the offense).[2] Haynes’s other two claims relate to jury *795 instructions read during his trial and the verdict forms used at trial.
The trial court dismissed all three claims on grounds that Haynes should have filed the petition in the jurisdiction where he is currently incarcerated, as well as on grounds that habeas corpus cannot be used to litigate issues that could have been raised on direct appeal or in a rule 3.850 motion. Although Haynes is correct that a habeas petition challenging the validity of his convictions, if permitted at all, is properly filed in the trial court that rendered the judgments of conviction, see, e.g., Collins v. State, 859 So.2d 1244, 1245^6 (Fla. 5th DCA 2003), the trial court properly found that Haynes’s claims could not be pursued using a petition for writ of habeas corpus because the jury instruction and verdict form issues could have been raised at trial or on appeal. See, e.g., Wright v. State, 857 So.2d 861, 874 (Fla.2003) (“Habeas corpus should not be used as a vehicle for presenting issues which should have been raised at trial and on appeal or in postconviction proceedings.”); Richardson v. State, 918 So.2d 999, 1002 (Fla. 5th DCA 2006) (“Since adoption of rule 3.850 and its predecessor, the courts have consistently held that it is inappropriate to collaterally attack a conviction through the process of habeas proceedings because such claims are cognizable under the rule.”) (citations omitted). With respect to Haynes’ argument relating to the third-degree felony murder charge, we also note that this claim is inappropriate for habeas relief because Haynes has served his sentence for that charge and his current detention is in no way affected by it. See, e.g., Brown v. McNeil, 22 So.3d 741, 742 (Fla. 1st DCA 2009) (“The writ of habeas corpus is available only if the petitioner shows probable cause to believe that he or she is detained without lawful authority.”).
AFFIRMED.
TORPY, LAWSON and EVANDER, JJ., concur.

. Our internal records relating to Haynes’s direct appeal demonstrate that the trial court sentenced Haynes to concurrent sentences of five years in prison on the third-degree felony murder charge, life in prison on the robbery with a firearm charge and fifteen years on the dealing in stolen property charge. It is these latter two sentences that Haynes is currently serving.

. It is not possible to tell from the record before us, or from the limited documents still available from Haynes’ direct appeal, what predicate felony the jury found when it returned a guilty verdict on the third degree felony murder charge.