946 So.2d 1106 (2006)
Jarvis Ramon HAYNES, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-2741.
District Court of Appeal of Florida, Fifth District.
December 8, 2006.
Rehearing Denied January 30, 2007.
*1107 Terrence E. Kehoe, of Law Offices of Terrence E. Kehoe, Orlando, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
In this appeal, Jarvis Ramon Haynes ["Haynes"] makes three claims of error. He correctly contends that it was error to impose costs on a per-count basis rather than on a per-case basis. The State concedes the error. We strike the costs imposed for counts II and III.
Haynes's remaining claims of error require us to find the claimed error to be fundamental because no objection was raised below. Haynes complains that the trial judge had the jury instructions read by his law clerk (apparently a law student) rather than instructing the jury himself. Nothing appears in the record to indicate the judge was incapable of instructing the jury himself,[1] and this was a clear violation of Florida Rule of Criminal Procedure 3.390(a) and section 918.10, Florida Statutes (2005). Not surprisingly, we have found no other cases in Florida or otherwise where a clerk has been allowed to instruct the jury, and we disapprove this practice. Trial judges in this district will not be fobbing off to a law clerk their important duty to instruct the jury, certainly not without some good reason and prior agreement of the parties. However, we do not see how it can rise to the level of fundamental error in this case.
Finally, Haynes complains of the insertion of the words "or a principal" into the robbery charge, i.e., "Jarvis Haynes or a principal took the electronic equipment. . . ." (Emphasis added). The standard instruction on "Principal" was also given. The only objection raised below was that this instruction varied from the standard instruction, but counsel for Haynes acknowledged:
I can't argue it is prejudicial because it is the law and I understand it is the law. I understand why Mr. Green is inserting it in there, but for the record, I would object to anything other than the standard *1108 language that is in these jury instructions.
We agree that the amendment to the instruction is redundant, but notwithstanding Haynes's protestations on appeal, in the context of the conduct of the entire trial, did not deprive Haynes of a fair trial or invalidate his conviction.[2]
AFFIRMED; costs imposed in Counts II and III STRICKEN.
PALMER and ORFINGER, JJ., concur.
NOTES
[1] To the contrary, it appears the judge read some of the instructions, but the clerk read the majority.
[2] Haynes relies on Concepcion v. State, 857 So.2d 299 (Fla. 5th DCA 2003), but that case involved identifying different defendants on a "trafficking" charge. This case is more like Carpenter v. State, 785 So.2d 1182 (Fla.2001).