951 So.2d 1003 (2007)
Leaita NASH, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-4057.
District Court of Appeal of Florida, Fourth District.
March 21, 2007.
Rehearing Denied April 18, 2007.
*1004 Carey Haughwout, Public Defender, and Elisabeth Porter, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
In appealing her conviction for trafficking in cocaine, appellant contends that the trial court fundamentally erred in reading a jury instruction which left out the word "knowingly" in instructing the jury on trafficking in cocaine when knowledge was an element of the crime. Under the circumstances of this case, we conclude that fundamental error occurred and reverse for a new trial on the trafficking charge but affirm the convictions for possession of marijuana and possession of drug paraphernalia.
In instructing the jury on trafficking, the court deviated from the standard instruction. The standard instruction reads:
To prove the crime of Trafficking in Cocaine, the State must prove the following four elements beyond a reasonable doubt:
1. (Defendant) knowingly [possessed] a certain substance.
2. The substance was [cocaine] [a mixture containing cocaine].
3. The quantity of the substance involved was 28 grams or more.
4. (Defendant) knew that the substance was [cocaine] [a mixture containing cocaine].
See Fla. Std. Jury Instr. (Crim.) 25.10 (emphasis added).
In this case, the trial court instructed the jury as follows:
To prove the crime of Trafficking in Cocaine, the State must prove the following four elements beyond a reasonable doubt:
1. LEAITA NASH possessed a certain substance.
2. The substance was cocaine or a mixture containing cocaine.
3. The quantity of the substance involved was 28 grams or more.
4. LEAITA NASH knew that the substance was cocaine or a mixture containing cocaine.
This same instruction was also submitted to the jury in writing. After being so instructed, the jury found Nash guilty of trafficking in cocaine, as well as the remaining charges. From her conviction and sentence, Nash appeals.
On appeal, Nash argues that the trial court fundamentally erred by leaving the word "knowingly" out of the standard jury instructions on trafficking and instead merely instructing the jury that the element *1005 was "Leaita Nash possessed a certain substance." Nash maintains that this instruction violated the principle set forth in Garcia v. State, 901 So.2d 788, 793 (Fla.2005), wherein our supreme court stated "[t]he guilty knowledge element includes knowledge of both the presence of, and the illicit nature of, the substance possessed, and the jury should be instructed on both."
The failure to give a jury instruction on an element of a crime is fundamental error if the element was disputed at trial. Garcia, 901 So.2d at 793 (Fla.2005); Reed v. State, 837 So.2d 366, 369 (Fla. 2002). Conversely, "[f]ailing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental error and there must be an objection to preserve the issue for appeal." State v. Delva, 575 So.2d 643, 645 (Fla. 1991).
In Garcia, the defendant was acquitted of trafficking but convicted of the lesser-included offense of possession. The defendant did not object to the failure to include the element of "knowledge of the illicit nature of the substance" in the jury instruction on the lesser-included offense of possession. 901 So.2d at 790. After discussing the historical evolution of the law regarding knowledge in drug possession cases, the court held that "[w]hen an essential element of a crime is in dispute at trial, such as the knowledge of the illicit nature of the substance in a possession case, the failure to instruct the jury on that element is fundamental error." Id. at 793. The Garcia court provided the following rationale for its holding:
When read together, [State v.] Medlin, [273 So.2d 394 (Fla.1973)] Chicone, and Scott [v. State, 808 So.2d 166 (Fla. 2002)] stand for the proposition that "guilty knowledge" is an element of the offense of possession and must be proven beyond a reasonable doubt. The guilty knowledge element includes knowledge of both the presence of, and the illicit nature of, the substance possessed, and the jury should be instructed on both.
Id. at 793 (emphasis in original). Thus, Garcia made clear that a defendant had to knowingly possess the substance as well as have knowledge of its illicit nature.[1]
The trafficking statute itself makes knowledge of the possession an element of the crime. Section 893.135(1)(b)1., Florida Statutes, provides that a person "who is knowingly in actual or constructive possession of" the prescribed amount of cocaine is guilty of a first degree felony (emphasis added). This is different than the statute governing possession offenses which do not amount to trafficking, which provides that "it is unlawful for any person to . . . possess" the proscribed drugs. See, e.g., § 893.13(1)(a), Fla. Stat. Thus, the Legislature has made guilty knowledge of possession an element of the crime of trafficking. Even the statutory overruling of Chicone v. State, 684 So.2d 736 (Fla.1996), in section 893.101, went only to the element of knowledge of the illicit nature of the substance, not knowledge of its possession.
In this case, the instruction given to the jury, which did not instruct on knowledge of possession, is fundamental error under Garcia. Nash's knowledge of the presence of the cocaine, in particular, was hotly disputed. Furthermore, we reject the state's argument that other parts of the instruction prevent this error from constituting fundamental error.
Because the trial court failed to instruct the jury that the state was required to *1006 prove that Nash knowingly possessed the cocaine, the instruction was fundamental error. We therefore reverse and remand for a new trial.
Reversed and remanded.
STEVENSON, C.J., and TAYLOR, J. concur.
NOTES
[1] The precise holding of Garcia is limited to cases tried before the effective date of section 893.101, Florida Statutes. See Garcia, 901 So.2d at 793 n. 2.