969 So.2d 1223 (2007)
Alvin THOMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-5237.
District Court of Appeal of Florida, First District.
December 17, 2007.
Nancy A. Daniels, Public Defender, and Carl S. McGinnes, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, Joshua R. Heller and Bryan Jordan, Assistant Attorneys General, Tallahassee, for Appellee.
PER CURIAM.
This is an appeal of a judgment and sentence for discharging a firearm from a vehicle within 1000 feet of a person, in violation of section 790.15(2), Florida Statutes (2005). Appellant contends the trial court committed reversible error in two respects: (1) by failing to instruct the jury on a lesser-included offense, and (2) by sentencing him without renewing the offer of appointed counsel and without securing a waiver of counsel.
Appellant did not request an instruction on criminal mischief as a lesser-included offense and did not object to the instructions as given. Accordingly, the trial court's failure to instruct on a lesser-included offense is not preserved for review. McKinney v. State, 579 So.2d 80 (Fla.1991).
Florida Rule of Criminal Procedure 3.111(d)(5) clearly mandates that the trial court renew its offer to appoint counsel at the sentencing stage of the trial. Because the trial court did not inquire as to whether the appellant desired counsel at the sentencing hearing, we are compelled to vacate the sentence imposed and remand this cause to the trial court for resentencing, prior to which an offer of assistance of counsel shall be made by the trial judge. Billions v. State, 399 So.2d 1086, 1087 (Fla. 1st DCA 1981).
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED for proceedings consistent with this opinion.
BARFIELD, WOLF, and HAWKES, JJ., concur.