WALLACE, Judge.
 

 Jose B. Barrientos (Jose B.) appeals his judgment and sentence for trafficking in cocaine (400 grams to 150 kilograms)
 
 [1]
 
 imposed in circuit court case number 06-CF-004040. Jose B. also appeals the order revoking his probation and the resultant judgments and sentences imposed on him for two counts of trafficking in cocaine (400
 
 *1070
 
 grams to 150 kilograms)
 
 [2]
 
 and one count of possession of cannabis
 
 [3]
 
 in circuit court case number 02-CF-014987.
 

 ' Jose B.’s appeal of the judgment and sentence in circuit court case number 06-CF-004040 is a companion case to the appeal of his uncle, Jose A. Barrientos (Jose A.), from the judgments and sentences imposed on him in the trial court in the same case. In the companion case, we reversed the judgment and sentence imposed on Jose A. for trafficking in cocaine because of a fundamental error in the jury-instructions and remanded for a new trial on the trafficking offense.
 
 See Barrientos v. State,
 
 Case No. 2D07-2221, 1 So.3d 1209, 2009 WL 277439 (Fla. 2d DCA Feb. 6, 2009). We affirmed Jose A.’s judgment and sentence for possession of cannabis.
 
 See id.
 
 Although Jose B. was also charged with possession of cannabis in circuit court case number 06-CF-004040, the jury acquitted him of that offense.
 
 See id.
 

 Upon a review of the record, we find that the question of Jose B.’s knowing possession of the cocaine that formed the basis for the trafficking charge was a disputed issue at trial. Thus the circuit court committed fundamental error when it omitted the word “knowingly” from the first element of the jury instruction for trafficking in cocaine.
 
 See id.
 
 For the reasons explained in our opinion in the companion case, we reject Jose B.’s other arguments concerning the jury instructions.
 
 See id.
 
 Jose B.’s argument based on the unavailability of the confidential informant to testify at trial is also without merit.
 
 See State v. Gutierrez,
 
 502 So.2d 481, 482 (Fla. 3d DCA 1987). Accordingly, we reverse Jose B.’s judgment and sentence for trafficking in cocaine imposed in circuit court case number 06-CF-004040 and remand for a new trial on that charge.
 

 In circuit court case number 02-CF-014987, the circuit court based its order revoking Jose B.’s probation solely on the conviction for trafficking in cocaine in circuit court case number 06-CF-004040. Because that conviction has now been set aside, we reverse the order of revocation of probation and the resulting judgments and sentences imposed in circuit court case number 02-CF-014987 and remand for further proceedings.
 
 See Stevens v. State,
 
 409 So.2d 1051, 1052 (Fla.1982);
 
 Humbert v. State,
 
 933 So.2d 726, 727-28 (Fla. 2d DCA 2006).
 

 Reversed and remanded.
 

 KELLY and LaROSE, JJ., concur.
 

 [1]
 

 .
 
 See
 
 § 893.135(l)(b)(l)(c), Fla. Stat. (2005).
 

 [2]
 

 .
 
 See
 
 § 893.135(l)(b)(l)(c), Fla. Stat. (2002).
 

 [3]
 

 .
 
 See
 
 § 893.13(6)(a), Fla. Stat. (2002).