CIKLIN, J.
Derrick Lamar Lewis appeals his convictions for kidnapping, falsely personating an officer during the commission of a felony, threats or extortion, home or private business invasion by false personation, and robbery. Because we find the jury instruction for falsely personating an officer during the commission of a felony constituted fundamental error, we reverse Lewis’s conviction for that offense and remand for a new trial as to that count. We affirm the remaining convictions and sentences without comment.
Lewis was charged with falsely personating an officer during the commission of a felony, in violation of section 843.08, Florida Statutes (2008), which provides in relevant part:
A person who falsely assumes or pretends to be a ... police officer ... or a federal law enforcement officer as defined in slection] 901.1505, and takes upon himself or herself to act as such, ... commits a felony of the third degree ...; however, a person who falsely per-sonates any such officer during the course of the commission of a felony commits a felony of the second degree ....
§ 843.08, Fla. Stat. (emphasis added). The trial court instructed the jury as follows:
To prove the crime of Falsely Personat-ing an Officer during the Commission of a Felony, the state must prove the following two elements beyond a reasonable doubt:
1) Derrick Lamar Lewis falsely assumed or pretended to be a police officer and/or federal law enforcement officer and/or federal agent, or took it upon himself to act as such.
2) Derrick Lamar Lewis did this during the commission of a felony.
(Emphasis added).
Thus, to prove Lewis guilty of falsely personating an officer in violation of section 843.08, the state had to prove: (1) that Lewis falsely assumed or pretended to be a police officer or federal law enforcement officer, and (2) that Lewis took it upon himself to act as such.[1] The given instruction, however, required the state prove only one of those two required elements: Lewis falsely assumed or pretended to be a police officer or federal law enforcement officer or took it upon himself to act as such. Therefore, this instruction allowed the jury to convict Lewis of the charged crime without requiring the state to prove all of the required elements beyond a reasonable doubt.
“The failure to give a jury instruction on an element of a crime is fundamental error if the element was disputed at trial.” Nash v. State, 951 So.2d 1003, 1005 *287 (Fla. 4th DCA 2007). We conclude that the erroneous jury instruction rose to the level of fundamental error because Lewis disputed whether the state proved that he “falsely assumed or pretended to be” a police officer or federal law enforcement officer. For example, during closing argument, defense counsel emphasized that the victim had testified that Lewis was driving a small unmarked car, was wearing shorts and a shirt, and never presented any form of identification to the victim indicating that Lewis was a law enforcement officer.
In summary, the erroneous jury instruction constituted fundamental error because the error pertained to an element of the crime that was disputed in the case. Accordingly, we reverse Lewis’s conviction and sentence for falsely personating an officer during the commission of a felony and remand for a new trial on that count. We affirm Lewis’s remaining convictions and sentences.

Affirmed in part, reversed in part, and remanded.

STEVENSON, J., and WALSH, LISA S., Associate Judge, concur.

. The state was also required to prove that Lewis personated an officer during the commission of a felony in order to convict him as charged in the information. The jury, however, was also instructed on the lesser included charge of personating an officer (while not in the course of committing a felony) a third-degree felony. The instruction for the lesser-included offense contained the same fundamental error as the instruction for the charged offense.