LUCAS, Judge. England Thames has filed a petition under Florida Rule of Appellate Procedure 9.141(d), in which he asserts that his appointed appellate counsel was ineffective for failing to raise an argument concerning the jury instructions that were used, but never objected to, at his trial. Finding no fundamental error' under the facts of this case, we deny his petition for the reasons that follow. I. The State charged Mr. Thames with (1) sale of cannabis under section 893.13, Florida Statutes (2014); (2) actual or constructive possession of a conveyance used for the trafficking, sale,, or manufacture of controlled substances in violation of section §93.1351, and (3) solicitation to purchase cannabis under sections 777.04/ Florida Statutes (2014),'and 893:13. The jury acquitted Mr. Thames of the first and third charges but found him guilty of the second. The circuit court sentenced him to fifteen years in prison as a-habitual violent felony offender. He appealed his judgment and sentence, which this court affirmed without a written opinion. Thames v. State, No. 2D14-3629, 2015 WL 6777325 (Fla. 2d DCA Nov. 6, 2015) (table). The relevant facts adduced at the trial were fairly succinct. On January 2, 2014, two undercover law enforcement officers approached three men who were standing by a Chevrolet Caprice. One of the officers asked the men if they had twenty' dollars’ worth of marijuana, and one of the men indicated that he did; that man then opened the driver’s door of the car, reached inside, and pulled out four small bags containing marijuana. After exchanging the marijuana and twenty dollars, the officer then asked the man he had initially contacted for his telephone number, but the man responded that he did not have a phone. He asked his two companions if they would provide the undercover officer with a contact number. Mr. Thames gave his cell phone number and gestured toward his pocket when the undercover officer called it. The entire transaction was filmed, and the jury viewed the recording. Throughout the transaction, Mr. Thames stood by or leaned on the Caprice, a car which, the officers later learned, Mr,. Thames in all probability owned.[1] ■At the conclusion of the trial, the circuit court gave the. jury the following instruction for the charge of actual or constructive possession of a conveyance used for the trafficking, sale, or manufacture of controlled substances: To prove the crime of actual or constructive possession of a structure used for trafficking, sale or manufacture of a controlled substance the State must prove the following two elements beyond a reasonable doubt[:] first, the defendant was in actual or constructive possession of á place, structure or part thereof, trailer or conveyance; and secondly, the defendant had knowledge that the place, structure or part thereof, trailer or conveyance would be used for the purpose of sale or distribution of a controlled substance. Let us state at the outset, the first element in this instruction was erroneous. Section 893.1351(2) reads: “A person may not knowingly'■ be in actual or constructive possession of any place, structure, or part thereof, trailer, or other conveyance with the knowledge that the place, structure, or part thereof, trailer, or conveyance will be used for the purpose of trafficking in a controlled substance (Emphasis added.) By omitting the word “knowingly” from the fust element in the instruction, the 'jury was not informed that Mr. Thames had to knowingly be in possession of the Caprice in order to be found guilty of this offense.[2] However, his defense counsel did not object to the substance of this instruction (or to the omission of any definition for constructive possession elsewhere within the instructions). Indeed, Mr, Thames’ attorney stipulated to the jury instructions that were ultimately used, both at the charge conference and at the time the instructions were read to the jury. In his petition now before us, Mr. Thames claims this instruction was fundamentally erroneous because it lacked the first element of knowledge required by section 893.1351(2). He further asserts that his appellate counsel was ineffective for failing to raise that argument in his prior direct appeal. On the facts of this case, we must disagree. n. To establish a claim of ineffective assistance of appellate counsel, the Florida Supreme Court explained in Rutherford v. Moore, 774 So.2d 637, 643,(Fla. 2000), a petitioner must show first, that appellate counsel’s performance was .deficient because “the alleged omissions are of such magnitude as to constitute a serious error or substantial deficiency falling measurably outside the range of professionally , acceptable performance” and second, that the petitioner was prejudiced because appellate counsel’s deficiency “compromised the appellate process to such a degree as to undermine confidence in the correctness of the result.” Thompson [v. State, 759 So.2d 650, 660 (Fla. 2000)] (emphasis supplied) (quoting Groover v. Singletary, 656 So.2d 424, 425 (Fla. 1995)); see, e.g., Teffeteller [v. Dugger, 734 So.2d 1009, 1027 (Fla. 1999) ]. If a legal issue “would in all probability have been found to be without merit” had counsel raised the issue oh direct appeal, the failure of appellate counsel to raise the meritless issue will not render appellate counsel’s performance ineffective. Williamson v. Dugger, 651 So.2d 84, 86 (Fla. 1994); see, e.g., Kokal v. Dugger, 718 So.2d 138, 142 (Fla. 1998); Groover, 656 So.2d at 425. This is generally true as to issues that would have been found to be procedurally barred had they-been raised on direct appeal. See, e.g., Groover, 656 So.2d at 425; Medina v. Dugger, 586 So.2d 317, 318 (Fla. 1991). See also Evans v. State, 995 So.2d 933, 954 (Fla. 2008) (holding that because petitioner “cannot demonstrate that the trial court abused its discretion in denying the motion [for a mistrial], appellate counsel cannot be ineffective for failing to raise the meritless issue on direct appeal”). In deciding a petition for ineffective assistance of appellate counsel, an appellate court cannot fault appellate counsel “for failing to argue a point which, even if correct, would amount to no more than harmless error.” Duest v. Dugger, 555 So.2d 849, 853 (Fla. 1990). Where, as here, the claim of ineffective assistance revolves around appellate counsel’s failure to argue an issue that had never been objected to at trial, the petitioner must demonstrate a fundamental error—that is,' one that “reaches down into the validity of the -trial itself to the extent that a verdict of guilty ... could not have been obtained without the assistance of the alleged error.” Scott v. State, 66 So.3d 923, 929 (Fla. 2011) (quoting Poole v. State, 997 So.2d 382, 390 (Fla. 2008)); see also State v. Delva, 575 So.2d 643, 644 (Fla. 1991) (holding jury instructions “are subject to the contemporaneous objection rule, and, absent an objection at trial, can be raised on appeal only if fundamental error occurred”). With that in mind, then, we turn to the substantive' point of Mr, Thames’ argument. The jury instruction utilized in Mr. Thames’ trial failed to indicate that Mr. Thames had to “knowingly” be in actual or constructive possession of the conveyance to be found guilty of violating section 893.1351(2). Without question, that omission rendered the instruction erroneous because the legislature defined this crime to require both knowledge of possession of the conveyance and knowledge that the conveyance will be used for trafficking, sale, or manufacture of a controlled substance. Cf. Nash v. State, 951 So.2d 1003, 1004-05 (Fla. 4th DCA 2007) (holding that the trial court fundamentally, .erred by leaving the word “knowingly” out of the standard jury instruction for trafficking in cocaine because the legislature made knowledge of possession an element of the crime of trafficking and that element was “hotly disputed” during the trial). Mr. Thames correctly asserts in his petition that the instruction provided to his jury lacked a requisite knowledge element of his offense. It is difficult for us to fathom how that could have mattered, though. Mr. Thames does not contend that the jury’s instructions as to what constituted his possession of this particular conveyance for purposes of section 893.1351(2) were in any way inaccurate. On that point, at least, there is no argument about whether the jury was improperly instructed concerning Mr. Thames’ possession of the Chevrolet Caprice. His claim of fundamental error, then, rests solely on the notion that he was never found to be “knowingly” in possession of it. But Mr. Thames’ knowledge of his possession—set apart, if it can be, from his status of being in possession—of this car was a point that was never in question during his trial. Indeed, how could it have been under thése facts? Cf. State v. Burns, 457 S.W.2d 721, 724 (Mo. 1970) (“Possession without, knowledge of such possession is not possession in the legal sense of that word, State v. Nicolosi, 228 La. 65, 81 So.2d 771 [ (1955) ].”). Under any plausible view of the facts before us, the jury could not have found Mr. Thames to have been in possession of the car he was leaning against and engaging in a drug transaction around without him correspondingly knowing that he was in possession of it.[3] Tellingly, in his petition before us, he makes no claim that that issue was contested, or how, conceptually, it could have been contested—only that the instruction was erroneous (which, again, it unquestionably was). Since the issue' of Mr. Thames’ knowledge about his possession of the car was never in dispute, the failure to include the word “knowingly” for that part of the instruction, although an error, did not amount to fundamental error in this case. See State v. Montgomery, 39 So.3d 252, 258 (Fla. 2010) (“Failing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental error and there must be an objection to preserve the issue for appeal.” (quoting Delva, 575 So.2d at 645)); Reed v. State, 837 So.2d 366, 369 (Fla. 2002) (“[Wjhether the evidence of guilt is overwhelming or whether the prosecutor has or has not made an inaccurate instruction a feature of the prosecution’s argument are not germane to whether the error is fundamental,” rather, “[i]t is fundamental error if the inaccurately defined ... element is disputed, and the inaccurate definition ‘is pertinent or material to what the jury must consider in order to convict.’ ” (citation omitted) (quoting Stewart v. State, 420 So.2d 862, 863 (Fla. 1982))). Our colleague’s dissent, though thoughtful and thorough, elides this issue.[4] Mr. Thames’ petition suffers the same shortcoming. It is not for this court to speculate how Mr. Thames might have disputed whether he could have been in possession of this car without “knowingly” being in possession of this car—our task is to determine from the record whether this discrete issue was ever disputed at any point in the proceedings below. It was not. Consistent with Montgomery, Reed, and Delva, then, we do not consider this erroneous omission to be a fundamental error in Mr. Thames’ case. There was no dispute over the issue of Mr. Thames’ knowledge of whether he was in possession of his Chevrolet Caprice.[5] The error as to that part of the jury instruction did not reach “down into the validity of the trial itself,” Poole, 997 So.2d at 390, and so we conclude it was not fundamental in this case. Petition denied. CRENSHAW, J., Concurs. WALLACE, J., Dissents with opinion. . Mr. Thames had a car of the same make, model, and year as the Chevrolet Caprice registered in his name. Mr. Thames did not testify at his trial, but his expired registration of what appeared to be the same vehicle was admitted into evidence at the trial. . The instructions did not define actual or constructive possession. Although the information. charged Mr, Thames with the crime defined in section 893.1351(2), and The jrny instruction , lists elements of that offense, the written jury instructions refér to section 893.13(7)(a)(5), which prohibits a person from keeping or maintaining “any store, shop, warehouse, dwelling, building, vehicle, boat, aircraft, pr other structure or place which is resorted to by persons using controlled substances in violation of this chapter for the purpose of using these substances, or which is used for keeping or selling them in violation of this chapter.” ... . The case of Nash, 951 So.2d 1003, where the Fourth District found fundamental error when the jury was not instructed that a defendant had to knowingly be in possession of cocaine to be convicted of trafficking, is readily distinguishable. One can easily imagine a circumstance where an individual might unknowingly be in possession of a substance, such as cocaine, as indeed, in that case, the defendant's knowledge of the drug’s presence "was hotly disputed.” Id. at 1005. Even then, the Fourth District took care to limit its holding in Nash to the circumstances of that case. Id. at 1004. That is not to say that our analysis hinges solely on the fact that the subject of possession in this case happened to concern a car. We could imagine a scenario where the question of whether a defendant was knowingly in possession of a conveyance such as a car would be in dispute. For example, if Mr, Thames owned a large car lot or a junkyard which contained a vehicle that the State charged was "used for the purpose of sale or distribution of a controlled substance,” the issue might very well be contested. Here, however, it is simply impossible to imagine any circumstance under which it could be said that Mr. Thames inadvertently or unknowingly possessed the Chevrolet Caprice he was leaning against when he conducted this drug transaction. . Our colleague recognizes that section 893.1351(2)’s inclusion of the word "knowingly” imparts “a distinct mental element” into this criminal offense. Yet, in gleaning "a disputed issue of fact” for purposes of fundamental error, the dissent appears to collapse the distinct (but undisputed) mental element of Mr. Thames’ knowledge into the separate (and disputed) element about Mr. Thames’ actual or constructive possession of the vehicle. At trial, Mr. Thames’ counsel only argued that he was not in actual or constructive possession of this vehicle. A jury found otherwise, and Mr. Thames does not challenge that finding or the instruction (defining actual or constructive possession) that precipitated it in his petition. As to whether Mr. Thames was knowingly in actual or constructive possession of this car—an issue we can all agree would be separate and distinct from his possession— that dispute is nowhere to be found in this record. . In so holding, we are cognizant of the observation made by one of our former colleagues: "District courts have with varying results continued to apply Delva's distinction between the failure to instruct on an element that is disputed—which constitutes fundamental error—and the failure to instruct on an element that is not disputed—which does not constitute fundamental error.” Garcia v. State, 854 So.2d 758, 769 (Fla. 2d DCA 2003), quashed by 901 So.2d 788 (Fla. 2005). So long as Delva remains the law in Florida, we must continue applying the distinction that it formulated.