PER CURIAM.
Kristian Beauchamp petitions this court for a writ of habeas corpus, alleging ineffective assistance of appellate counsel. We grant the petition, holding that Beauchamp has established the requisite prejudice entitling him to relief. As a new appeal would be redundant, we also vacate Beauchamp's sentence and remand for resentencing by a different judge.
Following a jury trial, Beauchamp was convicted of aggravated battery on a law enforcement officer, trafficking in methamphetamine, burglary of a structure, and resisting a law enforcement officer without violence. Several witnesses testified at the sentencing hearing, including a pastor who spoke of Beauchamp's remorse. Beauchamp also testified, characterizing the battery as an accident. In light of this testimony, Beauchamp requested that the maximum sentence not be imposed. Following an exchange between the trial court and Beauchamp, the court stated:
And continuing to lie is not going to help. I'm trying to make up my mind what sort of sentence to give you. Your insistence on trying to diminish your culpability is not helping your situation. You would be much better off in my eyes and certainly everyone else's if you would just tell the truth ....
Defense counsel did not object to this statement.
Ultimately, the trial court sentenced Beauchamp to a total of fifteen years in prison. He appealed his judgment and sentence, and this court per curiam affirmed. Thereafter, Beauchamp timely filed this petition. His sole claim is that appellate counsel was ineffective for failing to argue that the trial court impermissibly utilized Beauchamp's alleged lack of remorse and truthfulness in sentencing him, resulting in fundamental error. We agree.
The test for ineffective assistance of appellate counsel is whether the petitioner establishes that appellate counsel's performance was deficient and that such deficient performance so prejudiced the petitioner as to undermine confidence in the result of the appeal. See Rutherford v. Moore, 774 So.2d 637, 643 (Fla. 2000). "Where ... the claim of ineffective assistance revolves around appellate counsel's failure to argue an issue that had never been objected to ... [in the lower court], the petitioner must demonstrate a fundamental error." Thames v. State, 230 So.3d 566, 569 (Fla. 2d DCA 2017).
*249 The Florida Supreme Court has established guidelines for determining whether fundamental error occurs during sentencing. See Cromartie v. State, 70 So.3d 559, 564 (Fla. 2011) ("In most cases, a fundamental sentencing error will be one that affects the determination of the length of the sentence such that the interests of justice will not be served if the error remains uncorrected."). When the trial court considers whether the defendant was truthful in his testimony or failed to show remorse, fundamental error or denial of due process may result. See Gage v. State, 147 So.3d 1020, 1022 (Fla. 2d DCA 2014) ; see also Ward v. State, 152 So.3d 679, 679 (Fla. 4th DCA 2014).
Here, the sentencing judge expressly indicated that he considered Beauchamp's untruthfulness and lack of remorse when determining the sentence to be imposed. This consideration was improper and resulted in fundamental error which appellate counsel should have raised on direct appeal. See Hampton v. State, 178 So.3d 921, 922 (Fla. 5th DCA 2015).
Accordingly, we grant the petition, vacate Beauchamp's sentence, and remand for resentencing before a different judge.
PETITION GRANTED; SENTENCE VACATED; AND CAUSE REMANDED.
EVANDER, C.J., WALLIS and GROSSHANS, JJ., concur.